Ryan L. Frei, OSB No. 192660
ryan.frei@klarquist.com
Scott E. Davis, OSB No. 022883
scott.davis@klarquist.com
Klarquist Sparkman, LLP
121 SW Salmon St., Suite 1600
Portland, OR 97204
Telephone: 503.595.5300

*Attorneys for Plaintiff*
*SAWSTOP HOLDING LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **SAWSTOP HOLDING LLC**, an Oregon LLC,<br><br>Plaintiff,<br><br>v.<br><br>**FELDER KG,** a foreign company,<br><br>Defendant. | Case No.: 3:24-cv-00796<br><br>**PLAINTIFF SAWSTOP HOLDING LLC'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

SawStop Holding LLC ("SawStop Holding" or "Plaintiff") makes this complaint against Felder KG ("Felder" or "Defendant"), a foreign corporation:

## INTRODUCTION

1. SawStop Holding owns U.S. Patent Nos. 7,098,800 (the "'800 patent"), titled "Retraction system and motor position for use with safety systems for power equipment," 7,225,712 (the "'712 patent"), titled "Motion detecting system for use in a safety system for power equipment," and 10,981,238 (the "'238 patent"), titled "Actuators for power tool safety systems" (collectively, the "Asserted Patents"), and has the right to enforce those patents against infringers, including the right to bring this suit for injunctive relief and damages.

2. Felder has directly and indirectly infringed one or more claims of each of the Asserted Patents. Felder's direct infringement includes making, using, selling, offering to sell, and/or importing infringing power equipment. Felder's indirect infringement includes inducing direct infringement by at least one subsidiary, distributors, customers, and end-users.

## THE PARTIES

3. Plaintiff SawStop Holding LLC is a company organized and existing under the laws of Oregon, with a principal place of business in Tualatin, Oregon.

4. Defendant Felder KG is a kommanditgesellschaft organized under the laws of Austria, with its principal place of business at KR-Felder-Straße 1, A-6060 Hall in Tirol, Austria.

## SUBJECT MATTER JURISDICTION

5. Counts I–III arise under the Patent Act, including 35 U.S.C. § 271 *et seq*. This Court has subject matter jurisdiction over those claims pursuant to at least 28 U.S.C. §§ 1331 and 1338(a).

## PERSONAL JURISDICTION

6. This Court has specific personal jurisdiction over Felder at least because the products accused of infringing SawStop Holding's rights were and/or continue to be offered for sale in and/or imported into the District of Oregon.

COMPLAINT FOR
PATENT INFRINGEMENT                             - 1 -

7. Felder sells woodworking systems throughout the United States and has sold power equipment to purchasers located in the District of Oregon.

8. Felder intends to advertise/sell and advertises/sells power equipment with Felder's so-called "Preventive Contact System" (the "Accused Products"), such as Felder's "kappa 550" Sliding Table Panel Saw, throughout the United States.

9. Felder has sent advertising brochures to addresses located within the District of Oregon offering to sell the Accused Products.

10. Felder also maintains an interactive website, located at https://www.felder-group.com/en-us, at which it offers to sell the Accused Products to buyers in the District of Oregon.

11. Felder's website includes a form to request a quote price for the Accused Products, where it specifically recites Oregon as an option in its list of states.



The form above is excerpted from the "Get Free Quote" option linked at https://www.felder-group.com/en-us/products/sliding-table-saws-c1947/sliding-table-panel-saw-k-945-s-p1966723 for a saw marketed as having the infringing "Preventive Contact System," which is shown below.



12. Felder also offers to sell and directly advertises the Accused Products in publications that are sent to Oregon residents, including publications available in public libraries, such as shown below in the October 2022 edition of Fine Woodworking magazine, which is available to the public in public libraries in the District of Oregon.

COMPLAINT FOR
PATENT INFRINGEMENT                         - 4 -



13. Felder has also offered to sell and advertised the Accused Products in other editions of Fine Woodworking, such as in the July-August 2021 edition as shown below, which is also available to the public in public libraries in the District of Oregon.



14. SawStop Holding's claims satisfy Oregon's Long-Arm statute, Or. R. Civ. P. 4, which provides for jurisdiction over parties in actions where "[p]roducts, materials, or things distributed, processed, serviced, or manufactured by the defendant were used or consumed within this state in the ordinary course of trade." Or. R. Civ. P. 4 D(2).

15. Felder also has minimum contacts with the District of Oregon in that it has purposefully availed itself of the District in a way that is related to SawStop Holding's claims of patent infringement at least as described above.

16. Thus, this Court has specific personal jurisdiction over Felder.

**COMPLAINT FOR
PATENT INFRINGEMENT**              - 6 -

## VENUE

17. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c)(3) because Defendant is a foreign entity organized under the laws of Austria and under that statute, "a defendant not resident in the United States may be sued in any judicial district," including the District of Oregon.

## BACKGROUND

18. In August 2000, Dr. Stephen F. Gass and his colleagues formed SawStop Holding and its wholly owned subsidiary, SawStop, LLC, to develop and commercialize safety systems for woodworking machines such as table saws.

19. The safety systems that Dr. Gass and his colleagues developed can detect contact between a saw blade and an operator of the saw and react to mitigate injury to the operator from the saw blade.

20. This innovative safety technology is described and covered by SawStop Holding's patents, including the Asserted Patents.

21. Since late 2004, SawStop Holding's subsidiary SawStop, LLC has sold woodworking machines equipped with these safety systems out of its Tualatin headquarters, under a license from SawStop Holding.

22. Felder has marketed saws using SawStop Holding's patented technology at least by offering them on its website and in magazines and by sending brochures to potential customers in the United States since at least March 2021.

23. Felder has also sold saws using SawStop Holding's patented technology in the United States.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,098,800

24. SawStop Holding realleges and incorporates by reference the allegations in the preceding paragraphs.

25. The '800 patent is titled "Retraction system and motor position for use with safety systems for power equipment." On August 29, 2006, the '800 patent was duly and legally issued

COMPLAINT FOR
PATENT INFRINGEMENT                                  - 7 -

by the U.S. Patent and Trademark Office. SawStop Holding is the assignee of the entire right, title, and interest in and to the '800 patent, including all rights to enforce this patent against infringers and collect damages. A true and correct copy of the '800 patent is attached as Exhibit 1.

26. Defendant has infringed, literally and/or under the doctrine of equivalents, at least claim 1 of the '800 patent under 35 U.S.C. § 271(a) at least by making, using, selling, offering to sell, and/or importing woodworking tools, such as the Accused Products, which Defendant has offered for sale in the United States by sending advertising brochures to recipients in the United States and by offering the infringing devices on its website and in magazines.

27. Defendant has had knowledge of the '800 patent since at least October 2020.

28. On information and belief, Defendant is aware that use and operation of the Accused Products in the United States by Defendant or its customers would directly infringe the '800 patent.

29. On information and belief, Defendant, with knowledge of the '800 patent, encourages distributors and retailers to sell the Accused Products and specifically educates distributors and retailers on the infringing use and operation of the Accused Products in the United States.

30. On information and belief, Defendant aids and abets its customers' direct infringement of the '800 patent with knowledge that use of the Accused Products in the United States directly infringes the '800 patent.

31. Defendant's actions actively induce infringement of the '800 patent. Accordingly, Defendant is also liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

32. SawStop Holding has been damaged as a result of Defendant's infringing conduct. Thus, Defendant is liable to SawStop Holding in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

33. On information and belief, Defendant's infringement of the '800 patent is willful at least because despite being aware of the '800 patent since at least October 2020, and being aware of the similarities between the Accused Products and SawStop Holding's safety systems, such infringing conduct continues in conscious disregard of SawStop Holding's rights in the '800 patent.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,225,712

34. SawStop Holding realleges and incorporates by reference the allegations in the preceding paragraphs.

35. The '712 patent is titled "Motion detecting system for use in a safety system for power equipment." On June 5, 2007, the '712 patent was duly and legally issued by the U.S. Patent and Trademark Office. SawStop Holding is the assignee of the entire right, title, and interest in and to the '712 patent, including all rights to enforce this patent against infringers and collect damages. A true and correct copy of the '712 patent is attached as Exhibit 2.

36. Defendant has infringed, literally and/or under the doctrine of equivalents, at least claim 8 of the '712 patent under 35 U.S.C. § 271(a) at least by making, using, selling, offering to sell, and/or importing woodworking tools, such as the Accused Products, which Defendant has offered for sale in the United States by sending advertising brochures to recipients in the United States and by offering the infringing devices on its website and in magazines.

37. Defendant has had knowledge of the '712 patent since at least October 2020.

38. On information and belief, Defendant is aware that use and operation of the Accused Products in the United States by Defendant or its customers would directly infringe the '712 patent.

39. On information and belief, Defendant, with knowledge of the '712 patent, has encouraged distributors and retailers to sell the Accused Products and has specifically educated distributors and retailers on the infringing use and operation of the Accused Products in the United States.

40. On information and belief, Defendant has aided and abetted its customers' direct infringement of the '712 patent with knowledge that use of the Accused Products in the United States directly infringed the '712 patent.

41. Defendant's actions have actively induced infringement of the '712 patent. Accordingly, Defendant is also liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

42. SawStop Holding has been damaged as a result of Defendant's infringing conduct. Thus, Defendant is liable to SawStop Holding in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

43. On information and belief, Defendant's infringement of the '712 patent is willful at least because despite being aware of the '712 patent since at least October 2020, and being aware of the similarities between the Accused Products and SawStop Holding's safety systems, such infringing conduct continues in conscious disregard of SawStop Holding's rights in the '712 patent.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 10,981,238

44. SawStop Holding realleges and incorporates by reference the allegations in the preceding paragraphs.

45. The '238 patent is titled "Actuators for power tool safety systems." On April 20, 2021, the '238 patent was duly and legally issued by the U.S. Patent and Trademark Office. SawStop Holding is the assignee of the entire right, title, and interest in and to the '238 patent, including all rights to enforce this patent against infringers and collect damages. A true and correct copy of the '238 patent is attached as Exhibit 3.

46. Defendant has infringed, literally and/or under the doctrine of equivalents, at least claim 1 of the '238 patent under 35 U.S.C. § 271(a) at least by making, using, selling, offering to sell, and/or importing woodworking tools, such as the Accused Products, which Defendant has

offered for sale in the United States by sending advertising brochures to recipients in the United States and by offering the infringing devices on its website and in magazines.

47. On information and belief, Defendant has had knowledge of the '238 patent since before the filing of this Complaint.

48. On information and belief, Defendant is aware that use and operation of the Accused Products in the United States by Defendant or its customers would directly infringe the '238 patent.

49. On information and belief, Defendant, with knowledge of the '238 patent, encourages distributors and retailers to sell the Accused Products and specifically educates distributors and retailers on the infringing use and operation of the Accused Products in the United States.

50. On information and belief, Defendant aids and abets its customers' direct infringement of the '238 patent with knowledge that use of the Accused Products in the United States directly infringes the '238 patent.

51. Defendant's actions actively induce infringement of the '238 patent. Accordingly, Defendant is also liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

52. SawStop Holding has been damaged as a result of Defendant's infringing conduct. Thus, Defendant is liable to SawStop Holding in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

53. On information and belief, Defendant's infringement of the '238 patent is willful at least because despite being aware of the '238 patent since before the filing of this Complaint, and being aware of the similarities between the Accused Products and SawStop Holding's safety systems, such infringing conduct continues in conscious disregard of SawStop Holding's rights in the '238 patent.

## JURY DEMAND

54. Plaintiff hereby demands a trial by jury on all issues triable as of right by a jury.

COMPLAINT FOR
PATENT INFRINGEMENT                - 11 -

**PRAYER FOR RELIEF**

Plaintiff requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. Judgment that one or more claims of each of the Asserted Patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B. Judgment that Defendant's infringement has been willful;

C. A permanent injunction enjoining Defendant and its officers, directors, agents, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from the infringement of each unexpired Asserted Patent; or, in the alternative, an award of ongoing damages for future infringement thereof;

D. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred because of Defendant's infringing activities and other conduct complained of herein, including an award of all increased damages to which Plaintiff is entitled under 35 U.S.C. § 284;

E. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

F. That this Court declare this an exceptional case and require Defendant to pay reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

G. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

Dated: May 14, 2024

By: /s/ *Ryan L. Frei*
Ryan L. Frei, OSB No. 192660
ryan.frei@klarquist.com
Scott E. Davis, OSB No. 022883
scott.davis@klarquist.com
KLARQUIST SPARKMAN, LLP
121 SW Salmon St., Suite 1600
Portland, OR 97204
Telephone: 503.595.5300

*Counsel for Plaintiff*
*SAWSTOP HOLDING LLC*