**Steven M. Wilker**, OSB No. 911882
    Direct Dial:  (503) 802-2040
    E-mail:  steven.wilker@tonkon.com
**Stephanie Grant**, OSB No. 154957
    Direct Dial:  (503) 802-5736
    E-mail:  stephanie.grant@tonkon.com
Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204

**Georg Reitboeck**, *pro hac vice* forthcoming
    Direct Dial:  (212) 863-2068
    E-mail:  greitboeck@haugpartners.com
**Jonathan A. Herstoff**, *pro hac vice* forthcoming
    Direct Dial:  (212) 863-2643
    E-mail:  jherstoff@haugpartners.com
**Sheila Mortazavi** , *pro hac vice* forthcoming
    Direct Dial:  (212) 863-2142
    E-mail:  smortazavi@haugpartners.com
Haug Partners LLP
745 Fifth Avenue, 10th Floor
New York, NY  10151

        Attorneys for Defendant

IN THE UNITED STATES DISTRICT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SAWSTOP HOLDING LLC, | Civil No. 3:24-cv-00796-AN |
| Plaintiff, | **DEFENDANT FELDER KG'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM, AND SUPPORTING MEMORANDUM** |
| v. | |
| FELDER KG, | |
| Defendant. | **(ORAL ARGUMENT REQUESTED)** |

# TABLE OF CONTENTS

**Page(s)**

CONFERRAL CERTIFICATION.................................................................1

MOTION TO DISMISS ............................................................................1

SUPPORTING MEMORANDUM...............................................................1

I.    FACTUAL BACKGROUND AND SUMMARY OF THE ARGUMENT ......................1

    A.    SawStop's Insufficient Service of Process ...............................1

    B.    Lack of Personal Jurisdiction Over Felder KG............................2

    C.    SawStop's Insufficient Allegations of Patent Infringement ....................2

II.    ARGUMENT ....................................................................................4

    A.    This Court Should Dismiss for Insufficient Service of Process ...........................4

        1.    Legal Principles Concerning Service of Process .................................4

        2.    SawStop Did Not Effect Service of Process on Felder KG ........................5

    B.    This Court Should Dismiss for Lack of Personal Jurisdiction................................7

        1.    Legal Principles Concerning Personal Jurisdiction ...................................7

        2.    Because SawStop Has Not Adequately Pleaded that Felder KG Purposefully Directed Activities to Oregon, this Court Lacks Personal Jurisdiction Under Rule 4(k)(1)(A) ...................................9

    C.    Alternatively, This Court Should Dismiss for Failure to State a Claim Under Rule 12(b)(6)...............................................13

        1.    SawStop's Claims of Direct Infringement Should Be Dismissed Under Rule 12(b)(6)...................................13

        2.    SawStop's Claims of Induced Infringement Should Be Dismissed Under Rule 12(b)(6)...................................15

        3.    SawStop's Claims of Willful Infringement Should Be Dismissed Under Rule 12(b)(6)...................................17

4.    SawStop's Failure to Plead Compliance with the Marking
Statute Warrants Dismissal of Pre-Suit Damages Under
Rule 12(b)(6) ............................................................................................18

III.    CONCLUSION ..................................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Anchor Wall Sys., Inc. v. Rockwood Retaining Walls, Inc.*,
   340 F.3d 1298 (Fed. Cir. 2003).................................................................................... 4

*Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*,
   6 F.4th 1283 (Fed. Cir. 2021) ..................................................................................... 6

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017).................................................................................... 18

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................................... 8, 13

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................................................... 8, 13

*BNSF Ry. Co. v. Tyrrell*,
   581 U.S. 402 (2017)...................................................................................................... 8

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) ............................................................................... 13, 14

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*,
   582 U.S. 255 (2017)..................................................................................................... 10

*Brockmeyer v. May*,
   383 F.3d 798 (9th Cir. 2004) ........................................................................................ 5

*Cannon Mfg. Co. v. Cudahy Packing Co.*,
   267 U.S. 333 (1925)...................................................................................................... 6

*Celgard, LLC v. SK Innovation Co.*,
   792 F.3d 1373 (Fed. Cir. 2015)................................................................................. 9, 11

*Certain Table Saws Incorporating Active Injury Mitigation Tech.*
   *& Components Thereof*,
   337-TA-965, Final Initial Determination at 57 (Sept. 9, 2016) ...................................... 19

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015)................................................................................................. 15

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*,
   514 F.3d 1063 (10th Cir. 2008) ............................................................................... 8, 10

*Epistar Corp. v. Lowes Cos.*,
   No. CV-17-3219-JAK (KSx), 2018 WL 6118577 (C.D. Cal. Feb. 26,
   2018) ........................................................................................................... 6

*Express Mobile, Inc. v. Liquid Web, LLC*,
   No. 1:18-cv-01177-RGA, 2019 WL 1596999 (D. Del. Apr. 15, 2019) ........................... 19

*Grober v. Mako Prods., Inc.*,
   686 F.3d 1335 (Fed. Cir. 2012) ..................................................................... 9

*Hackett v. Red Guahan Bus*,
   No. 16-00066 ACK-RLP, 2016 WL 1445212 (D. Haw. Mar. 22, 2016) ........................... 8

*Haley Paint Co. v. E.I. Dupont De Nemours & Co.*,
   775 F. Supp. 2d 790 (D. Md. 2011) ................................................................ 8

*Khan v. Hemisphere Inc.*,
   825 F. App'x 762 (Fed. Cir. 2020) ................................................................ 4

*Lans v. Digital Equip. Corp.*,
   252 F.3d 1320 (Fed. Cir. 2001) ............................................................... 18, 20

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
   572 U.S. 915 (2014) ......................................................................... 15, 16

*Malvern Panalytical Ltd. v. Ta Instruments-Waters LLC*,
   No. 19-cv-2157-RGA, 2021 WL 3856145 (D. Del. Aug. 27, 2021) ............................... 17

*Martinez v. Agoda Co.*,
   No. 3:20-cv-01289-JAH-MSB, 2023 WL 2254550
   (S.D. Cal. Feb. 27, 2023) ......................................................................... 8

*Memory Integrity, LLC v. Intel Corp.*,
   144 F. Supp. 3d 1185 (D. Or. 2015) .......................................................... 15, 17

*Metricolor LLC v. L'Oreal S.A.*,
   791 F. App'x 183 (Fed. Cir. 2019) .............................................................. 11

*New World Int'l, Inc. v. Ford Global Techs., LLC*,
   859 F.3d 1032 (Fed. Cir. 2017) ................................................................... 7

*NexLearn, LLC v. Allen Interactions, Inc.*,
   859 F.3d 1371 (Fed. Cir. 2017) ......................................................... 7, 8, 9, 12

*Nuance Commc'ns, Inc. v. Abyy Software House*,
   626 F.3d 1222 (Fed. Cir. 2010) ................................................................... 4

*Omni Capital Int'l v. Rudolf Wolff & Co.*,
    484 U.S. 97 (1987) ........................................................................................ 4

*San Antonio Winery, Inc. v. Jiaxing Micarose Trade Co.*,
    53 F.4th 1136 (9th Cir. 2022) ...................................................................... 5

*Sheets v. Northrop Grumman Space & Mission Sys. Corp.*,
    No. 2:22-cv-07607-MEMF (PDx), 2023 WL 2761118
    (C.D. Cal. Mar. 31, 2023) ............................................................................ 8

*Shenzhen Hengzechen Tech. Co. v. The Individuals*,
    No. 23-23380-Civ-Scola, 2024 WL 475269 (S.D. Fla. Feb. 7, 2024) ............ 19

*Sonos, Inc. v. Google LLC*,
    591 F. Supp. 3d 638 (N.D. Cal. 2022) .................................................... 16, 17

*Superior Indus., LLC v. Thor Global Enters. Ltd.*,
    700 F.3d 1287 (Fed. Cir. 2012) ................................................................... 15

*United State ex rel. Thomas v. Siemens AG*,
    708 F. Supp. 2d 505 (E.D. Pa. 2010) ............................................................ 6

*Veritas Allies LLC v. Schiappacasse*,
    No. 3:22-cv-00903-YY, 2023 WL 6481674 (D. Or. Oct. 5, 2023) .................... 9

*Walden v. Fiore*,
    571 U.S. 277 (2014) .................................................................................... 12

*Wells Fargo & Co. v. Wells Fargo Exp. Co.*,
    556 F.2d 406 (9th Cir. 1977) ........................................................................ 6

*Wilco Marsh Buggies & Draglines, Inc. v. EIK Eng'g SDN. BHD.*,
    NO. 6-19-CV-00565-ADA, 2020 WL 6154189 (W.D. Tex. Feb. 26, 2020) ...... 6

*Wrinkl, Inc. v. Facebook, Inc.*,
    No. 20-cv-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30, 2021) ............... 17

## **Statutes**

35 U.S.C. § 271(a) ............................................................................... 13, 14, 15

35 U.S.C. § 271(b) .................................................................................... 13, 15

35 U.S.C. § 287 ............................................................................................... 4

35 U.S.C. § 287(a) .................................................................................... 18, 19

**Rules**

Fed. R. Civ. P. 12(b)(2) .................................................................................................. 1, 2

Fed. R. Civ. P. 12(b)(5) ............................................................................................ 1, 2, 4, 7

Fed. R. Civ. P. 12(b)(6) ............................................................................................... passim

Fed. R. Civ. P. 4 .............................................................................................................. 4, 5

Fed. R. Civ. P. 4(f)(1) ......................................................................................................... 5

Fed. R. Civ. P. 4(h)(2) ......................................................................................................... 5

Fed. R. Civ. P. 4(k)(1)(A) ................................................................................................... 9

Fed. R. Civ. P. 8(a)(1) ..................................................................................................... 7, 8

## CONFERRAL CERTIFICATION

Pursuant to LR 7-1(a), the parties conferred telephonically and made a good-faith effort to resolve the issues raised in the present motion, but were unable to resolve the dispute.

## MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(5), 12(b)(2), and 12(b)(6), Defendant Felder KG hereby moves to dismiss Plaintiff SawStop Holding LLC's ("SawStop") Complaint in its entirety.  The reasons for dismissal are explained in more detail in the following supporting memorandum and attached declaration.

## SUPPORTING MEMORANDUM

### I.    FACTUAL BACKGROUND AND SUMMARY OF THE ARGUMENT

Defendant Felder KG respectfully requests that this Court dismiss Defendant SawStop Holding LLC's ("SawStop") Complaint against Felder KG.

### A.    SawStop's Insufficient Service of Process

SawStop's Complaint (ECF No. 1) asserts patent infringement only against Felder KG. Nevertheless, SawStop filed an Affidavit of Service (ECF No. 7) purporting to serve process on an individual, Ruan du Toit, who serves as Chief Executive Officer of a different entity, ASW Machinery, Inc. ("ASW") (d/b/a Felder USA).  Although acknowledging that ASW is merely a subsidiary of Felder KG, the Affidavit then states—in conclusory fashion—that Felder Group USA is Felder KG's "General Agent and/or Involuntary Agent[.]"  But as explained in the attached declaration (Lux Decl. ¶ 13)[1], Felder KG and ASW are different companies.  SawStop fails to sufficiently plead otherwise.  Well-established case law recognizes that service on a

---

[1]    Citations to "Lux Decl. ¶ ___" refer to the Declaration of Arthur Lux in Support of Defendant Felder KG's Motion to Dismiss, submitted concurrently herewith.

United States subsidiary company does not constitute proper service of process on the foreign parent corporation.  Accordingly, dismissal is required under Federal Rule of Civil Procedure 12(b)(5).

### B.    Lack of Personal Jurisdiction Over Felder KG

Felder KG is an Austrian corporation, with its principal place of business located in Austria.  (Lux Decl. ¶ 3.)  Felder KG has no registered branch, company office, physical address, or corporate files anywhere in the United States.  (*Id.* ¶¶ 4, 6.)  Felder KG has no officers, directors, or employees who reside anywhere in the United States.  (*Id.* ¶ 5.)  Nor does Felder KG maintain a telephone listing or a bank account anywhere in the United States.  (*Id.* ¶¶ 8, 9.)  Felder KG neither owns nor operates any manufacturing plants in the United States, and owns no real estate in the United States.  (*Id.* ¶¶ 10, 11.)  Moreover, Felder KG has no registered agent for service of process anywhere in the United States.  (*Id.* ¶ 12.)

SawStop's allegations are insufficient to demonstrate personal jurisdiction.  The Complaint alleges jurisdiction in Oregon solely under a theory that Felder KG has had minimum contacts with Oregon to support specific jurisdiction, and only on barebones claims that: (i) Felder KG has sold certain power equipment to purchasers in Oregon; (ii) Felder KG has a website that permits the shipment of goods to Oregon; and (iii) Felder KG has sent advertising material to addresses in Oregon, and that such materials offer to sell the Accused Products.  Complaint ¶¶ 6-16.  These sparse allegations do not make it plausible that Felder KG has had the requisite minimum contacts with Oregon to support personal jurisdiction.  Therefore, dismissal is warranted under Federal Rule of Civil Procedure 12(b)(2).

### C.    SawStop's Insufficient Allegations of Patent Infringement

SawStop's patent-infringement claims require dismissal under Federal Rule of Civil Procedure 12(b)(6).  SawStop asserts that Felder KG infringes U.S. Patent Nos. 7,098,800 ("the

PAGE 2 – **DEFENDANT FELDER KG'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

'800 patent") (ECF No. 1-1); 7,225,712 ("the '712 patent") (ECF No. 1-2); and 10,981,238 ("the '238 patent") (ECF No. 1-3) (collectively "Asserted Patents") by advertising and selling power equipment with a "Preventive Contact System," "such as Felder's 'kappa 550' Sliding Table Panel saw[.]"  Complaint ¶¶ 1, 8.  The allegations of infringement are deficient in multiple respects.

*First*, SawStop has failed to allege sufficient facts to plausibly demonstrate that at least one claim of each asserted patent is infringed.  Rather, SawStop merely summarizes the Asserted Patents, and concludes that Felder KG has infringed "at least" one claim of in each.  Complaint ¶¶ 25-26, 35-36, 45-46.  SawStop nowhere alleges how the Accused Products satisfy any of the claim limitations, let alone make a plausible argument that any of these claims are infringed.

*Second*, SawStop fails to allege facts to plausibly demonstrate that the accused infringer knew both of the patent and that the allegedly induced acts constitute patent infringement, instead pleading only conclusions.  Therefore, the induced-infringement claims should be dismissed.  Dismissal of the induced-infringement claims is also warranted because SawStop has failed to plead an underlying act of direct infringement.

*Third*, as with SawStop's induced-infringement allegations, SawStop fails to allege facts that plausibly establish that Felder KG had the requisite state of mind for willful infringement.  Accordingly, the willful-infringement claims should be dismissed.  Dismissal of the willful infringement claims is also warranted because SawStop has failed to plead an underlying act of direct infringement.

*Fourth*, SawStop has failed to allege that the patentee has complied with the marking statute, 35 U.S.C. § 287, which limits damages under certain circumstances when the patentee fails to sufficiently mark patented articles with the patent number.  This deficiency alone is

enough to warrant dismissal of all claims for pre-suit damages.  Moreover, because the '712 patent expired before SawStop's Complaint was filed, SawStop's failure to plead compliance with the marking statute warrants dismissal of Count II in its entirety.

## II.     ARGUMENT

### A.     This Court Should Dismiss for Insufficient Service of Process

#### 1.     Legal Principles Concerning Service of Process

A complaint is properly dismissed for insufficient service of process.  Fed. R. Civ. P. 12(b)(5).  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  "[S]ervice of process in a federal action is covered generally by Rule 4 of the Federal Rules of Civil Procedure."  *Id.*  Although Felder KG is unaware of any Federal Circuit case that squarely addresses this issue, it appears that the sufficiency of service of process is governed by the law of the regional circuit, here the Ninth Circuit.  *See, e.g.*, *Khan v. Hemisphere Inc.*, 825 F. App'x 762, 768-79 (Fed. Cir. 2020) (nonprecedential) (looking to the law of the regional circuit to determine whether service of process complied with Federal Rule of Civil Procedure 4 and affirming dismissal for insufficient service of process); *Nuance Commc'ns, Inc. v. Abyy Software House*, 626 F.3d 1222, 1237-39 (Fed. Cir. 2010) (looking to Ninth Circuit cases in determining sufficiency of service of process); *cf. Anchor Wall Sys., Inc. v. Rockwood Retaining Walls, Inc.*, 340 F.3d 1298, 1306 (Fed. Cir. 2003) ("We generally apply the law of the pertinent regional circuit when the precise issue to be addressed involves an interpretation of the Federal Rules of Civil Procedure.").  Regardless, Felder KG is not aware of any relevant conflict between the Federal Circuit and the Ninth Circuit with respect to sufficient service of process.

Because Felder KG is an Austrian company, "[SawStop]'s service of process was governed by the rules for serving parties abroad." *San Antonio Winery, Inc. v. Jiaxing Micarose Trade Co.*, 53 F.4th 1136, 1139 (9th Cir. 2022).  Service of process in Austria can be effectuated by complying with the Hague Convention.  *See* Fed. R. Civ. P. 4(f)(1) (providing that service of process on an individual located abroad is proper if done under the Hague Convention, if the forum in which service was made permits such service); Fed. R. Civ. P. 4(h)(2) (providing that with the exception of personal service, a foreign corporation can be served in the same manner as a United States corporation); U.S. Department of State Bureau of Consular Affairs, *Austria Judicial Assistance Information* (available at

https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Austria.html#:~:text=Austria%20is%20a%20party%20to,in%20Civil%20and%20Commercial%20Matters (last visited June 9, 2024) (providing that Austria is a party to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matter).  "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

## 2.     SawStop Did Not Effect Service of Process on Felder KG

SawStop does not contend that it complied with the Hague Convention or any other permissible means of serving process on Felder KG.  Rather, SawStop alleges simply that it delivered the summons and Complaint "personally and in person to Ruan du Toit, who is the Chief Executive Officer of Felder Group USA, its United States subsidiary, which also serves as the defendant's General Agent and/or Involuntary Agent thereof, at 2 Lukens Drive, Suite 100-400, New Castle, DE 19720 on May 22, 2024 at 3:15 p.m." ECF No. 7.  Absent circumstances

not present here, service of process on a subsidiary corporation does not constitute effective service of process on its parent.

    "[S]ervice on a subsidiary corporation does not automatically effect service on a parent corporation, unless the subsidiary is either an alter ego of the parent or functions as the parent's agent." *Epistar Corp. v. Lowes Cos.*, No. CV-17-3219-JAK (KSx), 2018 WL 6118577, at *2 (C.D. Cal. Feb. 26, 2018) (citing *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 420 (9th Cir. 1977)).  "[T]he parent-subsidiary relationship alone does not establish agency, making service on one service on the other if the two maintain separate identities."  *United State ex rel. Thomas v. Siemens AG*, 708 F. Supp. 2d 505, 519 (E.D. Pa. 2010) (citations omitted); *see also Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1289 (Fed. Cir. 2021) (holding, in the context of venue, that "where related companies have maintained corporate separateness, the place of business of one corporation is not imputed to the other") (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925) (holding that a parent company was not amenable to service of process in Alabama merely because its subsidiary did business there)) .  Where, as here, Felder KG did not authorize its subsidiary to accept service of process on its behalf (Lux Decl. ¶¶ 12, 20), "service of process by serving the subsidiary is valid only if the relationship between the subsidiary and parent is such that they are in reality the same corporation."  *Wilco Marsh Buggies & Draglines, Inc. v. EIK Eng'g SDN. BHD.*, NO. 6-19-CV-00565-ADA, 2020 WL 6154189, at *1 (W.D. Tex. Feb. 26, 2020) (cleaned up).

    The relationship between Felder KG and ASW Machinery, Inc. ("ASW") (d/b/a Felder USA) (Lux Decl. ¶ 13) does not permit service of process on ASW to be imputed to Felder KG. Felder KG has no registered agent for service of process in the United States, and has never authorized ASW to accept service of process on its behalf.  Lux Decl. ¶¶ 12, 20.  Although ASW

is a wholly owned subsidiary of Felder KG, the two companies each have their own separate

corporate policies, and Felder KG exercises no authority over ASW's policies.  Lux Decl. ¶¶ 13,

15.  Felder KG and ASW do not share offices, and neither company pays wages to the other's

employees.  Lux Decl. ¶¶ 18-19.  Moreover, each company maintains its own separate

accounting systems, and ASW exercises authority over its daily operations.  Lux Decl. ¶¶ 16-17.

     Under these circumstances, SawStop's purported service of process on ASW cannot

properly be considered service of process on Felder KG.  Accordingly, the Court should dismiss

the Complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).

### B.    This Court Should Dismiss for Lack of Personal Jurisdiction

### 1.    Legal Principles Concerning Personal Jurisdiction

     In patent-infringement cases, personal jurisdiction is governed by the law of the Federal

Circuit.  *E.g.*, *New World Int'l, Inc. v. Ford Global Techs., LLC*, 859 F.3d 1032, 1037 (Fed. Cir.

2017).[2]  Where the personal-jurisdiction inquiry is conducted without the benefit of an

evidentiary hearing, a plaintiff must "make a prima facie showing" that the defendant is subject

to personal jurisdiction.  *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1375 (Fed.

Cir. 2017).

     The Federal Rules of Civil Procedure require a plaintiff to provide "a short and plain

statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and

the claim needs no new jurisdictional support[.]"  Fed. R. Civ. P. 8(a)(1).  Under this

requirement, a plaintiff must plausibly plead jurisdiction, and failure to do so warrants dismissal.

For instance, one court concluded that "Plaintiff does not plead sufficient facts in his Amended

---

[2]     The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over appeals in cases arising under "any Act of Congress relating to patents[.]"  28 U.S.C. § 1295(a)(1).

Complaint to satisfy the standard for minimum contacts[,]" and therefore found that dismissal was warranted for failure to comply with Rule 8(a)(1).  *Hackett v. Red Guahan Bus*, No. 16-00066 ACK-RLP, 2016 WL 1445212, at *2 (D. Haw. Mar. 22, 2016), *report & recommendation adopted*, 2016 WL 1435662 (D. Haw. Apr. 11, 2016);  *see Haley Paint Co. v. E.I. Dupont De Nemours & Co.*, 775 F. Supp. 2d 790, 799 (D. Md. 2011) (holding that "the pleading standards articulated in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] apply to Rule 8(a)(1) which requires 'a short and plain statement of the grounds for the court's jurisdiction.'");  *see also Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (explaining that when "personal jurisdiction is found wanting on the basis of the complaint and affidavits, our review of the district court's dismissal is *de novo*, taking as true all well-pled (that is, plausible, non-conclusory, and non-speculative, *see* [*Twombly*]) facts alleged in plaintiffs' complaint" and finding that  "any factual disputes in the parties' affidavits must be resolved in plaintiffs' favor.");  *Sheets v. Northrop Grumman Space & Mission Sys. Corp.*, No. 2:22-cv-07607-MEMF (PDx), 2023 WL 2761118, at *4 (C.D. Cal. Mar. 31, 2023) (applying the *Iqbal*/*Twombly* standard to allegations of personal jurisdiction); *Martinez v. Agoda Co.*, No. 3:20-cv-01289-JAH-MSB, 2023 WL 2254550 at *2 (S.D. Cal. Feb. 27, 2023) (same).

There are two types of personal jurisdiction: general and specific.  General jurisdiction can be exercised only when a defendant's "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State."  *NexLearn*, 859 F.3d at 1375 (cleaned up).  "The paradigm forums in which a corporate defendant is at home . . . are the corporation's place of incorporation and its principal place of business."  *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (internal quotation marks omitted).  Specific jurisdiction, in

contrast, can be exercised under Federal Rule of Civil Procedure 4(k)(1)(A) only when: (i) permitted by the forum state's long-arm statute; and (ii) exercising specific jurisdiction is consistent with due process. *NexLearn*, 859 F.3d at 1375. Exercising specific jurisdiction is consistent with due process only when: "(1) the defendant purposefully directed its activities to the forum State; (2) the claims arise out of or relate to those activities (collectively, the minimum contacts prong); and (3) the assertion of jurisdiction is reasonable and fair." *Id.* at 1376. "The plaintiff bears the burden of affirmatively establishing the first two elements of the due process requirement." *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015).

SawStop does not and cannot argue that Felder KG—an Austrian corporation having a principal place of business in Austria—is subject to general personal jurisdiction in Oregon. Instead, SawStop alleges only that this Court can exercise specific jurisdiction over Felder KG. Complaint ¶¶ 6-16. Therefore, this brief focuses only on specific jurisdiction. Additionally, because Oregon's long-arm statute is coextensive with due process, only a due-process analysis is necessary. *See Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012) (recognizing that only a due-process analysis is necessary to determine specific jurisdiction where the forum state's long-arm statute reaches to the limits of due process); *Veritas Allies LLC v. Schiappacasse*, No. 3:22-cv-00903-YY, 2023 WL 6481674, at *3 (D. Or. Oct. 5, 2023) (recognizing that Oregon's long-arm statute is coextensive with due process).

### 2. Because SawStop Has Not Adequately Pleaded that Felder KG Purposefully Directed Activities to Oregon, this Court Lacks Personal Jurisdiction Under Rule 4(k)(1)(A)

SawStop's Complaint falls far short of making plausible allegations that Felder KG purposefully directed any allegedly infringing activity to Oregon. *First*, SawStop makes a conclusory allegation that Felder KG has "sold power equipment to purchasers located in the

District of Oregon.  Complaint ¶ 7.  *Second*, SawStop makes a non-specific allegation that Felder

KG intends to and has advertised and sold the Accused Products "throughout the United States."

Complaint ¶ 8.  *Third*, SawStop alleges that advertising brochures "offering to sell" the Accused

Products and publications advertising the Accused Products have been sent to Oregon.

Complaint ¶¶ 9, 12-13.  *Fourth*, SawStop alleges that Felder KG has maintained an interactive

website that offers to sell the Accused Products to Oregon buyers.  Complaint ¶¶ 10-11.  These

actions are insufficient to establish personal jurisdiction in Oregon.

      With respect to the allegation that Felder KG "has sold power equipment to purchasers"

in Oregon (Complaint ¶ 7), SawStop notably does not allege that Felder KG has sold ***the***

***Accused Products*** in the District of Oregon.  Indeed, this is unsurprising, because "Felder KG

does not sell, within the United States, any power equipment with the 'Preventive Contact

System.'"  Lux Decl. ¶ 21.  Accordingly, SawStop's unsupported allegation that Felder KG has

sold power equipment to purchasers in Oregon does not support the exercise of personal

jurisdiction.  *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 264 (2017) ("In

order for a court to exercise specific jurisdiction over a claim, there must be an affiliation

between the forum and the underlying controversy[.]") (citation omitted).  "When there is no

such connection, specific jurisdiction is lacking regardless of the extent of a defendant's

unconnected activities in the State."  *Id.*

      SawStop's allegation that Felder KG intends to and has advertised and sold the Accused

Products throughout the United States (Complaint ¶ 8) fares no better.  In assessing personal

jurisdiction, courts should not accept conclusory allegations as true.  *Dudnikov*, 514 F.3d at

1070.  SawStop alleges no facts to support its contention that Felder KG has sold the Accused

Products anywhere in the United States, let alone in Oregon.  Contrary to these unsupported

allegations, Felder KG does not sell the Accused Products anywhere in the United States. Lux Decl. ¶ 21.  Rather, Felder KG's only sales of the Accused Products take place in Europe.  Lux Decl. ¶ 21.  The only Felder Group entity that sells power equipment with the "Preventive Contact System" in the United States is ASW—an entity that is not a defendant in this suit.  Lux Decl. ¶ 21.  SawStop provides no basis for imputing these sales to Felder KG, and therefore cannot establish that personal jurisdiction is proper in Oregon.  Indeed, ASW is the only Felder Group entity that makes such sales, and Felder KG does not exercise authority over ASW's policies.  Lux Decl. ¶¶ 14-15, 21.  Under such circumstances, this Court lacks personal jurisdiction over Felder KG.  *See, e.g.*, *Celgard*, 792 F.3d at 1379-80 (affirming dismissal for lack of personal jurisdiction where nothing in the record supported an agency or alter-ego theory); *see also Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 190 (Fed. Cir. 2019) (nonprecedential) (affirming dismissal for lack of personal jurisdiction where the uncontroverted testimony showed that the foreign parent company was not subject to personal jurisdiction on an agency theory).

SawStop's allegations concerning brochures and other advertising materials (Complaint ¶¶ 9, 12-13) also do not establish personal jurisdiction.  In making these allegations, SawStop relies on its assertion that the Accused Products are advertised in a magazine called Fine Woodworking, a magazine that SawStop claims is available in libraries in Oregon.  Complaint ¶¶ 12-13.  But mere advertisement in a nationally distributed publication does not subject an accused infringer to personal jurisdiction everywhere that publication is sent.  *Grober*, 686 F.3d at 1347.  Nothing in these advertisements suggests that Oregon was a target market for the Accused Products.  Indeed, even SawStop's selected excerpts demonstrate the national nature of the Fine Woodworking magazine: a Connecticut-based publication (Complaint ¶ 12) that

PAGE 11 – **DEFENDANT FELDER KG'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

advertises a Maine woodworking school (Complaint ¶ 13) and runs an advertisement from ASW that invites people to attend a fair in Nevada (Complaint ¶ 13).  None of this demonstrates any connection to Oregon, let alone a purposeful direction of activity to Oregon by *Felder KG*.

Finally, SawStop's reliance on an interactive website (Complaint ¶¶ 10-11) does not establish personal jurisdiction.  SawStop suggests that the website http://www.felder-group.com/en-us sufficiently demonstrates purposeful direction to Oregon (Complaint ¶ 10) merely because the website "includes a form to request a quote price for the Accused Products, where it specifically recites Oregon as an option in its list of states."  Complaint ¶ 11.  This allegation fails for at least two reasons.  First, in an analogous case, the Federal Circuit rejected a patentee's contention that specific personal jurisdiction existed in Kansas by virtue of the defendant's interactive website's "inclusion of Kansas in its dropdown of all states on its website."  *NexLearn*, 859 F.3d at 1378.  While acknowledging that a Kansas resident potentially could purchase an item from that website, the Federal Circuit found it dispositive that there was no evidence of any actual sales to Kansas that had taken place.  *Id.*  In sum, the Federal Circuit explained that "it cannot be that the mere existence of an interactive website, like the existence of an out-of-state store, is 'suit-related conduct ... creat[ing] a substantial connection with the forum State.'"  *Id.* at 1379 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).  Second, it appears that SawStop's Complaint conveniently crops the image (Complaint ¶ 11) to omit the page's clear statement that "Felder Group USA" (i.e., ASW) is the company to contact in connection with the saw.  Ex. A, https://web.archive.org/web/20240525132501/https://www.felder-group.com/en-us/products/sliding-table-saws-c1947/sliding-table-panel-saw-k-945-s-p1966723 (last visited June 11, 2024) (version of the website in existence at the time the Complaint was filed); *see also*

https://www.felder-group.com/en-us/products/sliding-table-saws-c1947/sliding-table-panel-saw-k-945-s-p1966723 (last visited June 9, 2024) (same).  Accordingly, the very website that SawStop cites in its Complaint demonstrates the impropriety of attributing the cited website to Felder KG.

In sum, SawStop has shown no basis for personal jurisdiction under Rule 4(k)(1)(A).

**C.    Alternatively, This Court Should Dismiss for Failure to State a Claim Under Rule 12(b)(6)**

In the event this Court finds it has personal jurisdiction over Felder KG and that service of process was proper, it should dismiss SawStop's Complaint for failure to state a claim under Rule 12(b)(6).  The sufficiency of a pleading under Rule 12(b)(6) is governed by the law of the regional circuit.  *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).  "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* at 1352 (cleaned up) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

*First*, SawStop has not plausibly pleaded direct infringement under 35 U.S.C. § 271(a). *Second*, SawStop has not plausibly pleaded induced infringement under 35 U.S.C. § 271(b). *Third*, SawStop has not plausibly pleaded willful infringement.  *Fourth*, SawStop has not pleaded that it has complied with the marking statute.

**1.    SawStop's Claims of Direct Infringement Should Be Dismissed Under Rule 12(b)(6)**

"[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements."  *Bot M8*, 4 F.4th at 1353.  Rather, the Federal Circuit has explained that "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused

PAGE 13 – **DEFENDANT FELDER KG'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

product infringes the patent claim." *Id.* When a complaint merely makes conclusory allegations, dismissal is appropriate. *Id.* at 1355 (affirming dismissal of a claim of direct patent infringement where the allegations were conclusory).

SawStop's Complaint does not recite any claim language of the Asserted Patents, let alone explain how it believes the Accused Products meet the claim language. This failure requires dismissal.

To illustrate, SawStop alleges that Felder KG infringes "at least claim 1 of the '800 patent under 35 U.S.C. § 271(a)." Complaint ¶ 26. Claim 1 of the '800 patent requires, among other things, "a reaction system" that is "configured to retract [a] cutting tool at least partially away from the cutting region upon detection of at least one . . . dangerous condition[] by the detection system, where the reaction system includes an arbor block, and where the motor is mounted to the arbor block." '800 patent, claim 1. SawStop nowhere explains how this claim limitation (or any of the several remaining limitations of claim 1) are present in any of the Accused Products. Dismissal of Count I is therefore required under Rule 12(b)(6).

SawStop also alleges that Felder KG infringes "at least claim 8 of the '712 patent under 35 U.S.C. § 271(a)." Complaint ¶ 36. Claim 8 of the '712 patent requires a woodworking machine comprising "a working portion adapted to work when moving," "a detection system adapted to detect a dangerous condition between a person and the working portion by imparting an electric signal to the working portion and monitoring the electric signal for at least one change indicative of the dangerous condition, "a reaction system associated with the detection system to cause a predetermined action to take place relative to the working portion upon detection of the dangerous condition," and "a motion detection system adapted to detect motion of the working portion and to disable the reactions system when the working portion is not moving."' 712 patent

claim 8.  But SawStop has no explanation for how any of these claim limitations are allegedly

met.  Dismissal of Count II is therefore required under Rule 12(b)(6).

SawStop additionally alleges that Felder KG infringes "at least claim 1 of the '238

patent."  Complaint ¶ 46.  Claim 1 of the '238 patent requires, among other things, "an actuator

configured to produce at least 4,000 Newtons of force within 0 to 3 milliseconds after detection

of the dangerous condition by the detection system, where the actuator is further configured to be

triggered and reset a plurality of times without a user having to replace a part of the power tool."

'238 patent, claim 1.  SawStop gives no explanation for how it made the determination that this

claim limitation (or any other limitation of claim 1) is met.  Accordingly, this Court should

dismiss Count III under Rule 12(b)(6).

For these reasons, SawStop has not plausibly alleged direct infringement under 35 U.S.C.

§ 271(a).  Therefore, dismissal of SawStop's direct-infringement claims is required under Rule

12(b)(6).

## 2.    SawStop's Claims of Induced Infringement Should Be Dismissed Under Rule 12(b)(6)

Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be

liable as an infringer."  Active inducement "has three elements: knowledge of the patent;

knowledge that the induced acts will infringe; and intent to 'bring about the desired result,'

which is infringement."  *Memory Integrity, LLC v. Intel Corp.*, 144 F. Supp. 3d 1185, 1193 (D.

Or. 2015) (cleaned up) (citing *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1928

(2015)).  Moreover, there is "no doubt that inducement liability may arise if, but only if, there is

direct infringement."  *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014)

(cleaned up).  Failing to plead induced infringement plausibly warrants dismissal.  *See Superior*

*Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1296 (Fed. Cir. 2012) (affirming

dismissal of induced-infringement complaint that "[did] not allege any facts to support a reasonable inference that Thor specifically intended to induce infringement . . . or that it knew it had induced acts that constitute infringement").

As an initial matter, SawStop has failed to plead an act of direct infringement, for the reasons discussed above. Without a plausible allegation of direct infringement, there is similarly no plausible allegation of induced infringement. *See Limelight*, 572 U.S. at 921. SawStop's failure to plead a plausible act of direct infringement is sufficient reason to dismiss SawStop's claims of induced infringement.

SawStop's claims of induced infringement are insufficient for other reasons as well. SawStop's inducement allegations claim, without further elaboration, that Felder KG has had knowledge of the '800 and '712 patents "since at least October 2020" and the '238 patent "since before the filing of the Complaint." Complaint ¶¶ 27, 37, 47. The Complaint then states—again in conclusory fashion—that Felder KG is aware that it or its customers would directly infringe, and educates, encourages, and aids in infringing conduct. Complaint ¶¶ 28-30, 38-40, 48-50. These allegations are insufficient, as it is not clear why SawStop believes that Felder KG had knowledge of the Asserted Patents, let alone knowledge that it was inducing patent infringement. For instance, the Northern District of California recently explained that without specific allegations such as the patentee's sending of a notice letter, an accused infringer cannot be imputed with knowledge either of the patent or of the fact that it is inducing acts of patent infringement. *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 648 (N.D. Cal. 2022). Similarly, the District of Delaware concluded that an induced-infringement pleading was insufficient where the patentee simply made generalized allegations that the accused infringer knew that it was inducing infringement of a patent. *See Malvern Panalytical Ltd. v. Ta*

*Instruments-Waters LLC*, No. 19-cv-2157-RGA, 2021 WL 3856145, at *3 (D. Del. Aug. 27,

2021). "Where defendants have not touted the benefits of the accused products in ways that

track the asserted patents, courts generally do not infer specific intent." *Memory Integrity*, 144

F. Supp. 3d at 1195. SawStop has made no such allegations here.

For these reasons, SawStop has made no plausible allegations of induced infringement.

Therefore, the Court should dismiss SawStop's induced-infringement claims under Rule

12(b)(6).

### 3.    SawStop's Claims of Willful Infringement Should Be Dismissed Under Rule 12(b)(6)

Relying on the same conclusory allegations as the ones it uses to allege induced

infringement, SawStop alleges that Felder has committed willful infringement. Complaint ¶¶ 33,

43, 53. These claims should be dismissed.

To plead willful infringement (and the attendant entitlement to enhanced damages),

"allegations of an infringer's knowledge of the patent and of infringement must raise a plausible

inference that the defendant had the specific intent to infringe. Allegations of mere direct

infringement are insufficient." *Sonos*, 591 F. Supp. 3d at 644. Absent circumstances such as a

prior lawsuit between the patentee and the accused infringer or a prior licensor-licensee

relationship between the patentee or the accused infringer, willful infringement is generally not

plausibly pleaded unless the patentee has sent the accused infringer a notice letter. *Id.* This

makes sense, because "[w]illfulness is based on a defendant's bad state of mind. The bad state of

mind is worse than the bad state of mind required to prove indirect infringement." *Wrinkl, Inc. v.*

*Facebook, Inc.*, No. 20-cv-1345-RGA, 2021 WL 4477022, at *7 (D. Del. Sept. 30, 2021).

Because SawStop has not adequately pleaded induced infringement, it similarly has not pleaded

willful infringement. Therefore, SawStop's claims of willful infringement, and its attendant

request for enhanced damages, should be dismissed under Federal Rule of Civil Procedure

12(b)(6).

### 4.     SawStop's Failure to Plead Compliance with the Marking Statute Warrants Dismissal of Pre-Suit Damages Under Rule 12(b)(6)

A patentee

> may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or the abbreviation "pat.", together with the number of the patent, or by fixing thereon the word "patent" or the abbreviation "pat." together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a).  "The patentee bears the burden of pleading and proving he complied with §

287(a)'s marking requirement." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876

F.3d 1350, 1366 (Fed. Cir. 2017) (citations omitted).  Failure of a patentee or the patentee's

licensee to mark appropriately constitutes noncompliance with § 287(a) and can limit or

eliminate the patentee's right to damages.  *See Lans v. Digital Equip. Corp.*, 252 F.3d 1320,

1328 (Fed. Cir. 2001) (finding that a licensee's failure to mark its products required dismissal of

the patent from the case, where the patent had expired before the filing of the complaint).

Moreover, the portion of the statute permitting the recovery of damages after "the infringer was

notified of the infringement and continued to infringe thereafter" requires that the patentee

communicate to the accused infringer the patentee's view that there is patent infringement; the

PAGE 18 – **DEFENDANT FELDER KG'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

accused infringer's alleged awareness of the patents is insufficient. *Id.* at 1327-28 (citations omitted).

Although it appears that SawStop is seeking damages for alleged past patent infringement (*see* Complaint ¶¶ 32, 42, 52, Prayer for Relief D), the Complaint nowhere pleads that SawStop has complied with 35 U.S.C. § 287(a). Failure to plead compliance with the marking statute warrants dismissal of claims for pre-suit damages under Rule 12(b)(6). *See, e.g.*, *Shenzhen Hengzechen Tech. Co. v. The Individuals*, No. 23-23380-Civ-Scola, 2024 WL 475269, at *2-3 (S.D. Fla. Feb. 7, 2024) (dismissing claims of past patent infringement where the patentee's operative pleading did not allege compliance with the marking requirement); *Express Mobile, Inc. v. Liquid Web, LLC*, No. 1:18-cv-01177-RGA, 2019 WL 1596999, at *2 (D. Del. Apr. 15, 2019) (same). It is especially concerning that SawStop did not plead compliance, because a recent International Trade Commission decision found that SawStop has products that practice at least some claims of the '712 patent. Ex. B, *Certain Table Saws Incorporating Active Injury Mitigation Tech. & Components Thereof*, 337-TA-965, Final Initial Determination at 57-65 (Sept. 9, 2016) (finding that SawStop practices claims 8-9, 11-12, 18-20 of the '712 patent). Because SawStop did not plead compliance with the marking statute, its claims of pre-suit damages should be dismissed.

Moreover, because the '712 patent expired no later than January 26, 2024[3]—well before the May 14, 2024, filing of the Complaint—Count II of the Complaint should be dismissed entirely. A patent's term is generally "20 years from the date on which the application for the

---

[3]    January 26, 2024 was the last possible expiration date for the '712 patent. It is possible that the '712 patent expired even earlier, if, for example, all or part of the patent-term adjustment assigned to the patent is invalid, and/or if maintenance fees were not properly paid. Felder KG's investigation into these matters is ongoing.

PAGE 19 – **DEFENDANT FELDER KG'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

patent was filed" and is subject to patent term adjustment.  35 U.S.C. §§ 154(a)(2), 154(b).  The

face of the '712 patent indicates a filing date of August 13, 2001, and a patent term adjustment of

896 days, which—if accurate—would result in an expiration date of January 26, 2024.  Without

compliance with the marking statute, and because injunctive relief is unavailable for expired

patents, SawStop cannot plausibly seek a remedy in connection with the '712 patent.  *See Lans*,

252 F.3d at 1328 (affirming the dismissal of an expired patent from a case, where there had not

been compliance with the marking statute).  Accordingly, Count II should be dismissed.

## III.    CONCLUSION

For at least the reasons explained above, Felder KG respectfully requests that the Court

dismiss SawStop's Complaint for insufficient service of process and lack of personal

jurisdiction, or, in the alternative, for failure to state a claim.

Dated: June 12, 2024

**TONKON TORP LLP**

By *s/ Stephanie Grant*
    Steven M. Wilker, OSB No. 911882
       Direct Dial:  (503) 802-2040
       E-mail:  steven.wilker@tonkon.com
    Stephanie Grant, OSB No. 154957
       Direct Dial:  (503) 802-5736
       E-mail:  stephanie.grant@tonkon.com

**HAUG PARTNERS LLP**

    Georg Reitboeck, *pro hac vice* forthcoming
       Direct Dial:  (212) 863-2068
       E-mail:  greitboeck@haugpartners.com
    Jonathan A. Herstoff, *pro hac vice* forthcoming
       Direct Dial:  (212) 863-2643
       E-mail:  jherstoff@haugpartners.com
    Sheila Mortazavi , *pro hac vice* forthcoming
       Direct Dial:  (212) 863-2142
       E-mail:  smortazavi@haugpartners.com

Attorneys for Defendant Felder KG