**Steven M. Wilker**, OSB No. 911882
    Direct Dial: (503) 802-2040
    E-mail:  steven.wilker@tonkon.com
**Stephanie Grant**, OSB No. 154957
    Direct Dial: (503) 802-5736
    E-mail:  stephanie.grant@tonkon.com
Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204

**Georg Reitboeck**, *pro hac vice*
    Direct Dial: (212) 863-2068
    E-mail:  greitboeck@haugpartners.com
**Jonathan A. Herstoff**, *pro hac vice*
    Direct Dial: (212) 863-2643
    E-mail:  jherstoff@haugpartners.com
**Sheila Mortazavi** , *pro hac vice*
    Direct Dial: (212) 863-2142
    E-mail:  smortazavi@haugpartners.com
Haug Partners LLP
745 Fifth Avenue, 10th Floor
New York, NY  10151

        Attorneys for Defendant

IN THE UNITED STATES DISTRICT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SAWSTOP HOLDING LLC, | Civil No. 3:24-cv-00796-AN |
| Plaintiff, | **DEFENDANT FELDER KG'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM** |
| v. | |
| FELDER KG, | |
| Defendant. | |
| | **(ORAL ARGUMENT REQUESTED)** |

## TABLE OF CONTENTS

**Page(s)**

I.    SUMMARY OF THE ARGUMENT ................................................................1

II.   ARGUMENT ...........................................................................................2

    A.    This Court Should Dismiss for Insufficient Service of Process ............................2

        1.    Service Was Insufficient Because Ruan du Toit and ASW Are Not Felder's General Agents in the U.S. ..............................................3

        2.    Service was Insufficient Because SawStop Did Not Comply with the Hague Convention..........................................................5

        3.    Service on Felder's Attorneys Under Fed. R. Civ. P. 4(f)(3) Is Improper ........................................................................................7

    B.    This Court Should Dismiss for Lack of Personal Jurisdiction................................8

        1.    Because SawStop Has Not Adequately Pleaded that Felder KG Purposefully Directed Activities to Oregon, this Court Lacks Personal Jurisdiction Under Rule 4(k)(1)(A) ...................................9

        2.    This Court Lacks Personal Jurisdiction Under Rule 4(k)(2) Because This Suit Could Have Been Brought in the District of Delaware ................................................................................10

        3.    Jurisdictional Discovery Is Unwarranted....................................................12

    C.    Alternatively, This Court Should Dismiss for Failure to State a Claim Under Rule 12(b)(6)................................................................13

        1.    SawStop's Claims of Direct Infringement Should Be Dismissed Under Rule 12(b)(6)....................................................13

        2.    SawStop's Claims of Induced Infringement Should Be Dismissed Under Rule 12(b)(6)....................................................15

        3.    SawStop's Claims of Willful Infringement Should Be Dismissed Under Rule 12(b)(6)....................................................17

        4.    SawStop's Failure to Plead Compliance with the Marking Statute Warrants Dismissal of Pre-Suit Damages Under Rule 12(b)(6)....................................................................................19

5.    This Court Should Not Give Leave to Amend............................................21

III.    CONCLUSION.............................................................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*,
   6 F.4th 1283 (Fed. Cir. 2021) ......................................................................5

*Arctic Cat, Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017).................................................................20

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...............................................................13, 17, 18, 19, 20

*Asiacell Commc'ns PJSC v. Doe I*,
   No. 17-cv-07203-PJH, 2018 WL 3496105
   (N.D. Cal. July 20, 2018).............................................................................7

*AstraZeneca AB v. Mylan Pharm., Inc.*,
   72 F. Supp. 3d 549 (D. Del. 2014)...........................................................11

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
   566 F.3d 1012 (Fed. Cir. 2009).................................................................12

*BelAir Electronics, Inc. v. Twelve South, LLC*,
   No. 2:22-cv-04443-BHH, 2023 WL 6388810
   (D.S.C. Sept. 29, 2023)..............................................................................20

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007).......................................................................17, 19, 20

*Big Baboon, Inc. v. SAP Am., Inc.*,
   No.17-cv-02082-HSG, 2018 WL 1400443
   (N.D. Cal. Mar. 20, 2018)..........................................................................19

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) ...........................................................13, 14, 20

*Brockmeyer v. May*,
   383 F.3d 798 (9th Cir. 2004) ......................................................................6

*Chris v. Carpenter*,
   No. 3:21-cv-00924-SB, 2022 WL 1913730
   (D. Or. Apr. 20, 2022)..................................................................................7

*Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*,
No. 20-cv-06469-EMC, 2022 WL 1426951
(N.D. Cal. May 5, 2022) ............................................................................18

*Dental Monitoring SAS v. Align Tech., Inc.*,
No. C 22-07335-WHA, 2023 WL 4297570
(N.D. Cal. June 30, 2023) ...........................................................................16

*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*,
840 F.2d 685 (9th Cir. 1988) .........................................................................3

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
888 F.3d 1256 (Fed. Cir. 2018)....................................................................13

*DivX, LLC v. Hulu, LLC*,
No. LACV 21-1615 PSG, 2021 WL 4459368
(C.D. Cal. June 11, 2021) ............................................................................20

*Fluidigm Corp. v. bioMerieux SA*,
No. 19-CV-02716-LHK, 2019 WL 6612063
(N.D. Cal. Dec. 5, 2019) (Koh, J.) ...............................................................11

*Getz v. Boeing Inc.*,
654 F.3d 852 (9th Cir. 2011) .......................................................................12

*HydroFLOW USA, LLC v. ECO Integrated Techs., Inc.*,
No. 2:23-cv-01317-TL, 2024 WL 1049998
(W.D. Wash. Mar. 11, 2024) .......................................................................14

*K-Tech Commc'ns, Inc. v. Time Warner Cable, Inc.*,
714 F.3d 1277 (Fed. Cir. 2013)....................................................................19

*Marcantonio v. Primorsk Shipping Corp.*,
206 F. Supp. 2d 54 (D. Mass. 2002) ..............................................................8

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007)....................................................................19

*Miller v. Amazon.com Inc.*,
No. 17-cv-03488-MCC, 2018 WL 6421868
(N.D. Cal. Dec. 6, 2018) ..............................................................................21

*Mitutoyo Corp. v. Cent. Purchasing, LLC*,
499 F.3d 1284 (Fed. Cir. 2007)...............................................................17, 18

*NexLearn, LLC v. Allen Interactions, Inc.*,
859 F.3d 1371 (Fed. Cir. 2017)............................................................8, 9, 10

*Polar Electro Oy v. Suunto Oy*,
    829 F.3d 1343 (Fed. Cir. 2016)..........................................................................11

*River v. Boespflug*,
    494 P.3d 980 (Or. App. 2021)..............................................................................6

*Salameh v. Tarsadia Hotel*,
    726 F.3d 1124 (9th Cir. 2013) ............................................................................21

*San Antonio Winery, Inc. v. Jiaxing Micarose Trade Co.*,
    53 F.4th 1136 (9th Cir. 2022) ..............................................................................5

*Sentry Prot. Prod., Inc. v. Eagle Mfg. Co.*,
    400 F.3d 910 (Fed. Cir. 2005)............................................................................19

*Shah v. Meier Enters.*,
    855 F. App'x 384 (9th Cir. 2021) .........................................................................6

*Shenzhen Hengzechen Tech. Co. v. The Individuals*,
    No. 23-23380-Civ-Scola, 2024 WL 475269
    (S.D. Fla. Feb. 7, 2024).....................................................................................20

*Sonos, Inc. v. Google LLC*,
    591 F. Supp. 3d 638 (N.D. Cal. 2022) ................................................................18

*Stewart v. Screen Gems-Emi Music, Inc.*,
    81 F. Supp. 3d 938 (N.D. Cal. 2015) .............................................................15, 16

*Touchcom, Inc. v. Bereskin & Parr*,
    574 F.3d 1403 (Fed. Cir. 2009)...........................................................................11

*Wilco Marsh Buggies & Draglines, Inc. v. EIK Eng'g SDN. BHD.*,
    No. 6-19-cv-00565-ADA, 2020 WL 6154189
    (W.D. Tex. Feb. 26, 2020) ...................................................................................7

## Statutes

10 Del. C. § 3104(c).............................................................................................11

35 U.S.C. § 287(a) ...............................................................................................19

## Other Authorities

Fed. R. Civ. P. 4(f) ................................................................................................3

Fed. R. Civ. P. 4(f)(1) ...........................................................................................5

Fed. R. Civ. P. 4(f)(3) .........................................................................................7, 8

Fed. R. Civ. P. 4(h)(1)(B) ................................................................................................3

Fed. R. Civ. P. 4(k)(1)(A) ............................................................................................8, 9

Fed. R. Civ. P. 4(k)(2) ......................................................................................1, 10, 11, 12

Fed. R. Civ. P. 4(k)(2)(A) ..............................................................................................10

Fed. R. Civ. P. 8 ......................................................................................................13, 17

Fed. R. Civ. P. 8(a)(1) ....................................................................................................9

Fed. R. Civ. P. 12(b)(2) ..........................................................................................1, 8, 12

Fed. R. Civ. P. 12(b)(5) ....................................................................................1, 2, 5, 6, 7

Fed. R. Civ. P. 12(b)(6) ................................................................1, 13, 14, 15, 17, 18, 19

Fed. R. Civ. P. 12(d) ......................................................................................................14

Fed. R. Civ. P. 12(h)(1)(B)(i) ..........................................................................................7

Fed. R. Civ. P. 15(a)(1)(B) ..............................................................................................21

Fed. R. Civ. P. 84 ..........................................................................................................19

I.      **SUMMARY OF THE ARGUMENT**

SawStop's opposition only confirms that its Complaint should be dismissed.  With respect to service of process, SawStop does not claim to have served Felder KG.  Rather it attempts to justify its service on Felder KG's United States subsidiary merely because the two companies are related and work together.  Well-established case law demonstrates that this is insufficient.  Nor is SawStop's request for alternative service on the undersigned counsel viable.  Indeed, under SawStop's theory, any counsel who enters an appearance to challenge service of process suddenly becomes fair game for serving process.  Such a view cannot be squared with the Federal Rules of Civil Procedure.  Because service of process was improper, dismissal is warranted under Federal Rule of Civil Procedure 12(b)(5).

SawStop's attempt to justify personal jurisdiction in Oregon is also untenable.  Its claim that Felder KG has had the requisite minimum contacts with Oregon is insupportable under controlling Federal Circuit case law.  Moreover, its newfound argument that jurisdiction is proper under Rule 4(k)(2) is incorrect, because Felder KG is subject to specific personal jurisdiction in Delaware.  Dismissal is warranted under Federal Rule of Civil Procedure 12(b)(2).

Dismissal is also warranted for failure to state a claim under Rule 12(b)(6).  Although SawStop seeks to distinguish controlling Federal Circuit case law demonstrating that its conclusory allegations of direct infringement should be dismissed, SawStop's attempted distinctions ignore the actual holding of the case.  Moreover, SawStop's induced-infringement and willful-infringement claims also fail to state a claim, both because the underlying direct-infringement claims are infirm, and because SawStop fails to plead any facts to plausibly establish the requisite knowledge and state of mind of Felder KG.  Finally, SawStop relies on an outdated 2005 Federal Circuit case in an attempt to excuse its failure to plead compliance with

PAGE 1 –      **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
              INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL
              JURISDICTION, AND FAILURE TO STATE A CLAIM**

the marking statute. As detailed below, subsequent Supreme Court case law and amendments to the Federal Rules of Civil Procedure clarify that conclusory allegations do not meet the requisite pleading standard. More recent cases that take into account this Supreme Court case law and amendments to the Federal Rules uniformly recognize that a patentee must properly plead compliance with the marking statute. Because SawStop has not done so, SawStop's claims for pre-suit damages fail as to all Asserted Patents, and—because the '712 patent expired before the filing of the Complaint—SawStop's failure to plead compliance with the marking statute requires dismissal of Count II in its entirety.

For these reasons, and as detailed below and in Felder KG's motion, the Complaint should be dismissed without leave to amend.

## II.    ARGUMENT

### A.    This Court Should Dismiss for Insufficient Service of Process

As explained in Felder KG's Motion to Dismiss, SawStop's Complaint asserts patent infringement only against Felder KG, an Austrian company. Mot. at 8.[1] SawStop filed an Affidavit of Service, alleging that process was served on Ruan du Toit, an individual who serves as CEO of ASW Machinery, Inc. ("ASW"), a United States subsidiary company of Felder KG. ECF No. 7. Because SawStop did not comply with the Federal Rules of Civil Procedure in its purported service of process, this Court should dismiss the Complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).

/ / /

---

[1]    "Mot. at ___" refers to Felder KG's motion to dismiss, ECF No. 8. "Opp. at ___" refers to SawStop's opposition brief, ECF No. 15. Page numbers of docket entries refer to the ECF-generated page numbers at the top of the page. Unless otherwise noted, all abbreviations used in the Motion have the same meaning in this reply brief.

PAGE 2 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM**

### 1. Service Was Insufficient Because Ruan du Toit and ASW Are Not Felder's General Agents in the U.S.

Under Federal Rule of Civil Procedure 4(h)(1)(B), a domestic or foreign corporation subject to suit under a common name must be served in a judicial district of the United States by delivering a copy of the summons and of the complaint to an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or at a place outside of the U.S. in a manner prescribed by Rule 4(f).  In the Ninth Circuit, the determination of whether an individual is a general agent for service of process depends on a factual analysis of that person's authority within the organization; absent official authorization, the individual must be "so integrated with the organization . . . as to render it fair, reasonable, and just to imply the authority on his part to receive service."  *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685 at 688 (9th Cir. 1988).  Because neither Ruan du Toit nor ASW possesses official or implied authority to accept service on behalf of Felder KG, SawStop's purported service of process is insufficient.

SawStop alleges the sufficiency of its service on Ruan du Toit by relating the "closely entwined" relationship of ASW and Felder KG that included a "direct line of communication" between the entities and the "substantial" responsibility of Ruan du Toit for Felder KG business. (Opp. at 14, 17).  Despite Plaintiff's characterizations, a principal-agent relationship between Felder KG and du Toit is not corroborated by the facts.

The Declaration of Arthur Lux demonstrates the separation between the two businesses that belies Plaintiff's assertion that ***anyone*** at ASW had the requisite authority to accept service on Felder KG's behalf.  Felder KG is an Austrian corporation and its principal place of business is in Austria; it does not have a registered branch in Oregon or anywhere else in the United States.  Lux Decl. ¶¶ 3, 4.  No Felder KG officers, directors, or employees reside in Oregon or

PAGE 3 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM**

anywhere else in the United States, nor does Felder KG maintain a company office, physical address, or corporate files in Oregon or anywhere else in the United States. Lux Decl. ¶ 5, 6. Felder KG has no subsidiaries, bank account or real estate in Oregon nor anywhere else in the United States. Lux Decl. ¶¶ 7, 8, 9, 10, 12. Instead, as Mr. Lux explains, ASW is a California corporation wholly owned by Felder KG, and its principal place of business is in Delaware. Lux Decl. ¶¶ 13. ASW sells products it buys from various suppliers, one of which is Felder KG, and sales to ASW from Felder KG occur in Europe. Lux Decl. ¶ 14, 21. The two businesses do not share offices, do not pay wages to each other's employees, and maintain separate accounting systems and corporate policies. Lux Decl. ¶¶ 15, 16, 18, 19. Notably, ASW has never been authorized or appointed to accept service of process on behalf of Felder KG. Lux. Decl. ¶ 20.

In light of these facts, ASW and Felder KG cannot be "closely entwined" as Plaintiffs suggest. Contrary to SawStop's assertion, the only "executive responsibilities" held by Mr. du Toit are not to Felder KG, but to ASW, where he is employed. Direct communication between ASW and Felder KG occur as would any communication between separate businesses where one buys products for retail sale from the other. The mere fact that Mr. du Toit has a contact at Felder KG (shared with other ex-European businesses that buy from Felder KG) does not establish an agency relationship between ASW and Felder KG. Opp. at 17; ECF No. 16-1 at 9. Indeed, when asked if this contact works for him directly, Mr. du Toit replied "[n]o, he is employed by Felder KG." ECF No. 16-1 at 9. Plaintiffs argue that Mr. du Toit and ASW "perform the duties of running Felder's operations in the U.S.," but Felder KG does not operate in the U.S., instead making all sales of its products to ASW in Europe. Opp. at 16; Lux Decl. ¶ 21. SawStop's misconstruction of the Felder KG-ASW relationship as that of principal-agent does not make SawStop's purported service of process proper. And as explained below, if

PAGE 4 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM**

SawStop was interested in effecting service of process that complies with the Federal Rules of Civil Procedure and with due process, means to do so were available under the Hague Convention.

### 2.    Service was Insufficient Because SawStop Did Not Comply with the Hague Convention

Well-established case law recognizes that service on a United States subsidiary company does not constitute proper service of process on the foreign parent corporation, requiring dismissal under Federal Rule of Civil Procedure 12(b)(5). Mot. at 13. Felder KG is an Austrian company, meaning "[SawStop]'s service of process was governed by the rules for serving parties abroad." *San Antonio Winery, Inc. v. Jiaxing Micarose Trade Co.*, 53 F.4th 1136, 1139 (9th Cir. 2022). As stated in the Motion to Dismiss (Mot. at 12), service of process in Austria can be effectuated by complying with the Hague Convention. *See* Fed. R. Civ. P. 4(f)(1).

SawStop does not contend that it has complied with the Hague Convention or any other permissible means of serving process on Felder KG, instead alleging simply that it delivered the summons and Complaint to Ruan du Toit, who SawStop concludes "serves as the defendant's General Agent and/or Involuntary Agent thereof . . ." ECF No. 7. Absent circumstances not present here, service of process on a subsidiary corporation (or its officers) does not constitute effective service of process on its parent.

As stated in the Motion to Dismiss, SawStop has not complied with the Hague Convention by serving Ruan du Toit because "where related companies have maintained corporate separateness, the place of business of one corporation is not imputed to the other." *Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1289 (Fed. Cir. 2021). Again, the Declaration of Arthur Lux demonstrates the separation between ASW and Felder KG: Felder KG is an Austrian corporation and its principal place of business is in Austria; it does not have a

registered branch in Oregon or anywhere else in the United States.  Lux Decl. at ¶¶ 3, 4.  Felder KG has no registered agent for service of process in the United States, and has never authorized ASW to accept service of process on its behalf.  Lux Decl. ¶¶ 12, 20.  And as stated above, the two businesses do not share offices, do not pay wages to each other's employees, and maintain separate accounting systems and corporate policies.  Lux Decl. ¶¶ 15, 16, 18, 19.  Thus, service of process upon Felder KG could only have been effective via compliance with the Hague Convention, and "[o]nce service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  Because Plaintiffs did not and cannot do so, this Court should dismiss the Complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).

Plaintiffs alternatively argue that service was proper because it complied with O.R.C.P. 7D(1), which allows for service that is "reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action."  Opp. at 17.  This argument fails, because no individual within the United States had the explicit or implied authority to accept service and apprise Felder KG of the pendency of the action – and certainly not any employee of ASW.  *See, e.g.*, *Shah v. Meier Enters.*, 855 F. App'x 384, 386 (9th Cir. 2021) (nonprecedential (finding that service of process was improper under O.R.C.P. 7D(1) where the plaintiff served process on a receptionist, and recognizing that service of process under O.R.C.P. 7D(1) requires that the person served be someone "whose duties" to the company "imposed the degree of responsibility that should accompany the handling of documents of the importance of legal process"); *River v. Boespflug*, 494 P.3d 980, 985 (Or. App. 2021) (recognizing that service of process under O.R.C.P. 7D(1) requires that the person served "has regular, frequent and predictable contact with the defendant") (internal quotation marks omitted).  SawStop has not

PAGE 6 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM**

met this standard.  Indeed, the Court should be especially hesitant to approve SawStop's deficient service of process where—as here—service of process was readily available under the Hague Convention.  Despite the availability of service under the Hague Convention, SawStop—for reasons unknown—chose not to follow this procedure.   Service of process by serving the subsidiary is valid only if the relationship between the subsidiary and parent "is such that they are in reality the same corporation." *Wilco Marsh Buggies & Draglines, Inc. v. EIK Eng'g SDN. BHD.*, No. 6-19-cv-00565-ADA, 2020 WL 6154189, at *1 (W.D. Tex. Feb. 26, 2020) (cleaned up).  That is not the reality here.  Accordingly, dismissal is required under Federal Rule of Civil Procedure 12(b)(5).

### 3. Service on Felder's Attorneys Under Fed. R. Civ. P. 4(f)(3) Is Improper

Finally, SawStop's proposal to serve process on the undersigned counsel (Opp. at 18) is untenable.  As an initial matter, although it has the burden to do so, SawStop makes no attempt to show that such service is "not prohibited by international agreement."  Fed. R. Civ. P. 4(f)(3); s*ee Asiacell Commc'ns PJSC v. Doe I*, No. 17-cv-07203-PJH, 2018 WL 3496105, at *2 (N.D. Cal. July 20, 2018) (recognizing that it is the plaintiff's burden to demonstrate that a proposed alternative method of service under Rule 4(f)(3) is "not prohibited by international agreement," and citing cases).  This failure is sufficient, by itself, to deny SawStop's request.

Moreover, allowing service of process in this manner runs headlong into the Federal Rules of Civil Procedure, which provide, in pertinent part, that an objection to service of process is preserved so long as it is made in a pre-answer motion to dismiss.  *See* Fed. R. Civ. P. 12(h)(1)(B)(i).  Perhaps for that reason, "it is well settled that a defendant's special appearance to challenge personal jurisdiction does not confer personal jurisdiction over the defendant." *Chris v. Carpenter*, No. 3:21-cv-00924-SB, 2022 WL 1913730, at *4 (D. Or. Apr. 20, 2022) (citing

PAGE 7 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM**

*Jackson v. Hayakawa*, 682 F.2d 1344, 1347-48 (9th Cir. 1982)) (recognizing that a defendant's "awareness of the case through her counsel does not confer personal jurisdiction absent proper service"). Additionally, "not all agents of a corporation are authorized to accept service." *Marcantonio v. Primorsk Shipping Corp.*, 206 F. Supp. 2d 54, 59 (D. Mass. 2002). Here, SawStop has presented no evidence that the undersigned attorneys are authorized to accept service of process on Felder KG's behalf. This is unsurprising, because the undersigned attorneys are not, in fact, authorized to accept such service. Under those circumstances, service of process on a party's attorneys is improper. *Id.* Accordingly, the Court should deny SawStop's request for alternative service under Rule 4(f)(3). The Court should not permit attorneys of record to become fair game for service of process merely by entering an appearance.

### B.    This Court Should Dismiss for Lack of Personal Jurisdiction

SawStop does not and cannot argue that Felder KG—an Austrian corporation having a principal place of business in Austria—is subject to general personal jurisdiction in Oregon. Instead, SawStop attempts to establish that this Court has specific jurisdiction over Felder KG under Federal Rule of Civil Procedure 4(k)(1)(A), which can be exercised only when: (i) permitted by the forum state's long-arm statute; and (ii) exercising specific jurisdiction is consistent with due process. *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1375 (Fed. Cir. 2017) (cleaned up). Exercising specific jurisdiction is consistent with due process only when: "(1) the defendant purposefully directed its activities to the forum State; (2) the claims arise out of or relate to those activities (collectively, the minimum contacts prong); and (3) the assertion of jurisdiction is reasonable and fair." *Id.* at 1376. Because SawStop cannot establish even the first element of the three-pronged due process test, this Court does not have personal jurisdiction and should dismiss under Federal Rule of Civil Procedure 12(b)(2).

PAGE 8 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM**

### 1.   Because SawStop Has Not Adequately Pleaded that Felder KG Purposefully Directed Activities to Oregon, this Court Lacks Personal Jurisdiction Under Rule 4(k)(1)(A)

As they admit in their Opposition, Plaintiffs hold the burden to show that Felder KG "purposefully directed" its activities at residents of Oregon as part of the Federal Circuit's three-prong test for specific jurisdiction.  ECF No. 15 at 22.  And despite Plaintiff's lengthy argument, the plain text of Rule 8(a)(1) requires that any pleading contain "a short and plain statement of the grounds for the court's jurisdiction."  ECF No. 8 at 15.  But as detailed in Felder KG's Motion to Dismiss, SawStop's Complaint fails to meet this standard.  ECF No. 8 at 16-20.  Thus, this Court lacks personal jurisdiction under Federal Rule of Civil Procedure 4(k)(1)(A).

Plaintiff's Opposition curiously avoids discussion of *NexLearn*, which Felder KG discussed extensively in its Motion to demonstrate that personal jurisdiction is improper in Oregon.  There, the Federal Circuit agreed with the United States District Court for the District of Kansas's judgment that it lacked personal jurisdiction to hear a patent action filed against a Minnesota company because the company had limited contacts with Kansas residents.  *NexLearn*, 859 F.3d at 1380.  Central to the case was the existence of the defendant's website that offered the allegedly infringing product for sale, and a national trade publication sent to Kansas residents bearing the defendant's advertisement.  *Id.* at 1376.  The Federal Circuit held that the defendant's inclusion of Kansas in a dropdown of all states on its website was not enough to subject them to personal jurisdiction in Kansas; "what is missing," the court said, "is any evidence that such a sale has taken place."  *Id.* at 1378.  As the Federal Circuit noted, "[t]hat a store would accept payment from a hypothetical out-of-state resident and ship its product there does not create a substantial connection for an infringement claim between the store and the hypothetical resident's forum State."  *Id.* at 1379.  Further, a mass email advertisement from the

PAGE 9 –     **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM**

defendant to recipients including the plaintiff and a nationally-distributed advertisement in a trade magazine were found "attenuated evidence [that] does not show that the [forum State] was a target market. . . 'mere advertising and promoting of a product may be nothing more than an invitation for offers.'" *Id.*, citing *Grp. One, Ltd. v. Hallmark Cards, Inc.*, 254 F.3d 1041, 1048 (Fed. Cir. 2001). The facts of the *NexLearn* case and this one bear a striking resemblance. In light of that precedent, this Court should dismiss for lack of personal jurisdiction.

SawStop's evidence is too attenuated to make it plausible that Felder KG has had the requisite minimum contacts with Oregon to support personal jurisdiction. Under *NexLearn*, a website that "fail[s] to deny" an offer for an infringing product by ASW cannot establish personal jurisdiction over Felder KG (Opp. at 27); under *NexLearn*, a nationally distributed brochure that is sent to residents of Oregon cannot establish personal jurisdiction over Felder KG (*Id.* at 28); under *NexLearn*, not even a direct advertisement for an allegedly infringing product can establish personal jurisdiction. ECF No. 15 at 19. What is lacking here, as was in *NexLearn*, is evidence that the Defendant, **Felder KG**, made sales of an allegedly infringing product ***in Oregon***. Unable to offer such evidence, Plaintiffs fail to meet their burden.

**2.    This Court Lacks Personal Jurisdiction Under Rule 4(k)(2) Because This Suit Could Have Been Brought in the District of Delaware**

Although SawStop's Complaint never suggests that personal jurisdiction is proper under Rule 4(k)(2), SawStop nevertheless presses this theory for the first time in its opposition brief. Opp. at 29-35. Exercise of jurisdiction under Rule 4(k)(2) is permissible only when, among other things, "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction." Fed. R. Civ. P. 4(k)(2)(A). Courts may exercise specific jurisdiction under Federal Rule of Civil Procedure 4(k)(2) only where: "(1) the plaintiff's claim arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) the

PAGE 10 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM**

exercise of jurisdiction comports with due process." *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1410 (Fed. Cir. 2009) (citation omitted).  A defendant can avoid the application of Rule 4(k)(2) by "nam[ing] a state in which the suit can proceed." *Id.* at 1414.

Here, Felder KG is subject to personal jurisdiction in the District of Delaware.  First, Delaware's long-arm statute "has been construed broadly to confer jurisdiction to the maximum extent possible under the Due Process Clause[.]" *AstraZeneca AB v. Mylan Pharm., Inc.*, 72 F. Supp. 3d 549, 552 (D. Del. 2014) (cleaned up).  But even if a separate analysis were required under Delaware's long-arm statute, Felder KG is subject to specific personal jurisdiction at least under 10 Del. C. § 3104(c).  *See Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343, 1350, 1352-53 (Fed. Cir. 2016) (finding that specific personal jurisdiction existed under Delaware's long-arm statute where the defendant had shipped products to Delaware retailers).  *Second*, a Delaware court can exercise personal jurisdiction over Felder KG consistent with due process because Felder KG sells the Accused Products to ASW, its subsidiary.  Lux Decl. ¶¶ 14, 21.  ASW's principal place of business is located in Delaware.  Lux. Decl. ¶ 13.  Accordingly, Felder KG's sales to ASW constitute continuous and systematic contacts with Delaware.  A parent company's acknowledgement that it has continuous and systematic contacts with its subsidiary constitutes consent to specific personal jurisdiction in the state where the subsidiary is located, thus defeating the application of Rule 4(k)(2).  *See Fluidigm Corp. v. bioMerieux SA*, No. 19-CV-02716-LHK, 2019 WL 6612063, at *6 (N.D. Cal. Dec. 5, 2019) (Koh, J.) (finding that Rule 4(k)(2) did not provide a basis for personal jurisdiction over a parent corporation where the parent corporation conceded that it had continuous and systematic contacts with subsidiaries in Utah and North Carolina that subjected it to specific jurisdiction in those states).  Therefore, Rule 4(k)(2) provides no basis for this Court to exercise personal jurisdiction over Felder KG.

PAGE 11 –   **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM**

Because SawStop has not adequately pleaded that Felder KG has had the requisite minimum contacts with Oregon to support personal jurisdiction, and because exercise of jurisdiction under Rule 4(k)(2) is impermissible, this Court should dismiss SawStop's Complaint under Federal Rule of Civil Procedure 12(b)(2).

### 3.    Jurisdictional Discovery Is Unwarranted

As a last-ditch effort to avoid dismissal under Rule 12(b)(2), SawStop requests jurisdictional discovery.  Opp. at 33-34.  The Court should deny that request.  Applying Ninth Circuit law, the Federal Circuit affirmed the denial of jurisdictional discovery where "there was no formal motion for jurisdictional discovery."  *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1022 (Fed. Cir. 2009).  Similarly here, there has been no formal motion for jurisdictional discovery.  And understandably so.  In trying to argue for personal jurisdiction here, SawStop relies on theories that are: (i) untenable as a matter of Federal Circuit law (e.g., its argument that an interactive website allowing for shipments to all fifty states somehow constitutes purposeful direction to Oregon); or (ii) contrary to the facts (e.g., its claim that a brochure that is distributed nationwide is somehow a targeted advertising to Oregon residents).  There is no reason to subject Felder KG to jurisdictional discovery on these slender grounds.  "'[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery.'"  *Getz v. Boeing Inc.*, 654 F.3d 852, 860 (9th Cir. 2011) (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006)).  Accordingly, the Court should deny SawStop's request for jurisdictional discovery, and simply dismiss for lack of personal jurisdiction.

PAGE 12 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM**

**C.    Alternatively, This Court Should Dismiss for Failure to State a Claim Under Rule 12(b)(6)**

In the event that this Court does not dismiss on service-of-process or jurisdictional grounds, the Court should dismiss under Rule 12(b)(6).  SawStop's Opposition only confirms that it has not sufficiently pleaded patent infringement, and has no intention of doing so.  Accordingly, this Court should dismiss without leave to amend.

**1.    SawStop's Claims of Direct Infringement Should Be Dismissed Under Rule 12(b)(6)**

SawStop does not seriously dispute that its Complaint provides no factual allegations to support its conclusion that the Accused Products practice each limitation of at least one claim of each Asserted Patent.  Opp. at 34-35.  Nor can it.  As detailed in the Motion (Mot. at 20-22), the Complaint simply identifies the Accused Products and concludes that they infringe at least one claim of the Asserted Patents.  Such conclusory allegations amount to no more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," which the Supreme Court has held to be insufficient to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Recognizing its paucity of factual allegations, SawStop relies on *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018) to avoid dismissal.  Opp. at 34.  This reliance is misplaced, because *Disc Disease* applies the law of the Eleventh Circuit, not the Ninth Circuit. *Disc Disease*, 888 F.3d at 1259 (recognizing that the law of the regional circuit governs the pleading of a patent-infringement claim, and applying the law of the Eleventh Circuit).  Far more on point is *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342 (Fed. Cir. 2021)—a case that applies Ninth Circuit case law to a claim for direct patent infringement.  4 F.4th at 1353 (applying Ninth Circuit law).  And under *Bot M8*, it is clear that SawStop's allegations are insufficient.  Indeed,

PAGE 13 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM**

*Bot M8* explains that "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8*, 4 F.4th at 1353. Under that standard, the Federal Circuit affirmed the dismissal of one of the patents, recognizing that the plaintiff had done no more than to plead, in conclusory fashion, that all of the claim elements were present. *Id.* at 1353-54.[2]

Moreover, although SawStop paints the case as involving a "straightforward mechanical technology," the claims of the Asserted Patents are full of functional language (Mot. at 21-22), as well as very particular requirements such as "an actuator configured to produce at least 4,000 Newtons of force within 0 to 3 milliseconds after detection of the dangerous condition by the detection system" (Mot. at 22), and it is hardly clear why SawStop believes such limitations to be present. Under *Bot M8*, SawStop's allegations are insufficient.

SawStop additionally relies on several exhibits from a Trademark Trial and Appeal Board ("TTAB") proceeding in an attempt to bolster its conclusion that sales of the Accused Products were made in the United States. Opp. at 34. The Court should disregard these exhibits, as they are not part of the Complaint. A plaintiff may not overcome a Rule 12(b)(6) motion to dismiss by making allegations that are not part of the pleading. *See* Fed. R. Civ. P. 12(d) (providing that on a Rule 12(b)(6) motion, a court presented with materials outside the pleadings should either disregard the materials or convert the motion into a motion for summary judgment); *see also HydroFLOW USA, LLC v. ECO Integrated Techs., Inc.*, No. 2:23-cv-01317-TL, 2024 WL 1049998, at *6 (W.D. Wash. Mar. 11, 2024) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899

---

[2]    SawStop ignores this portion of *Bot M8*, mischaracterizing the case as one of over-pleading. Opp. at 35. Although the Federal Circuit found certain claims over-pleaded such that Bot M8 pleaded itself out of court, the Federal Circuit also dismissed one of the claims for pleading insufficient factual allegations. That is the portion of *Bot M8* that is relevant here.

F.3d 988, 998 (9th Cir. 2018)) ("'Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)'"); *Stewart v. Screen Gems-Emi Music, Inc.*, 81 F. Supp. 3d 938, 951 (N.D. Cal. 2015) ("When a defendant files a motion on 12(b)(2) and 12(b)(6) grounds, the court may consider extra-pleading material when determining whether it has personal jurisdiction over defendants but exclude the same evidence from consideration of whether the complaint states a claim, even when the two questions turn on the same issue.").

Finally, SawStop alleges that it is not "required to recite the claim language in the body of the Complaint." Opp. at 35. This is a straw-man argument, as Felder KG never argued that SawStop is required to reproduce claim language verbatim in the Complaint. Rather, SawStop is required to plead sufficient factual detail to plausibly support its allegations of patent infringement for each of the Asserted Patents. Because SawStop failed to do so, dismissal is warranted under Rule 12(b)(6).

## 2. SawStop's Claims of Induced Infringement Should Be Dismissed Under Rule 12(b)(6)

SawStop's attempts to save its induced-infringement claims fare no better. Not only does SawStop fail to properly plead an underlying act of direct infringement (as explained above and in Felder KG's Motion), but SawStop's Complaint also fails to plead that Felder KG had the requisite knowledge of the Asserted Patents. Trying to avoid that fatal deficiency, SawStop claims that Felder KG "has specifically advertised the infringing feature of its saws to consumers in the U.S." Opp. at 35 (citing Complaint ¶¶ 8, 12-13). But SawStop's cited portions of the Complaint merely state—in conclusory fashion—that Felder KG sells/advertises the Accused Products. The Complaint is silent as to any allegations of how SawStop believes that the Accused Products meet the claim limitations of the Asserted Patents. Accordingly, SawStop

PAGE 15 – **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM**

does not adequately allege an underlying act of direct infringement.  Further, SawStop cites to conclusory allegations in the Complaint that Felder KG had pre-suit knowledge of the Asserted Patents.  Opp. at 36 (citing Complaint ¶¶ 28-30, 38-40, 49-50).

Recognizing the barebones nature of its induced-infringement allegations, SawStop relies on material outside the pleadings.  Opp. at 37 (citing ECF No. 16-25; Lux Decl.).  As an initial matter, such reliance is improper, as explained above.  *Stewart*, 81 F. Supp. 3d at 951.  And in any event, the "copy of the Professional Cabinet Saw manual" on which SawStop relies (Opp. at 37 (citing ECF No. 16-25)) does nothing to plausibly allege that Felder KG knew about the Asserted Patents.  Indeed, the manual provides a laundry list of more than 70 patents that allegedly cover *SawStop's* products.  ECF No. 16-25 at 3.  Nothing there remotely suggests that the products of any other company—let alone Felder KG—are covered by the patents. "[K]nowledge of the existence of a patent portfolio does not confer knowledge of individual patents or claims in that portfolio, let alone knowledge of their infringement."  *Dental Monitoring SAS v. Align Tech., Inc.*, No. C 22-07335-WHA, 2023 WL 4297570, at *6 (N.D. Cal. June 30, 2023) (dismissing claims of indirect and willful infringement).  Because SawStop's allegation shows—at most—notice of SawStop's patent portfolio, the manual cannot be used to show that Felder KG was on notice of any particular patent in that portfolio, let alone that Felder KG was aware that it was infringing those patents.  Moreover, although the '712 and '800 patents are included in the list of patents in SawStop's portfolio, the '238 patent is not. Accordingly, even if the manual were sufficient to show the requisite knowledge of the '712 and '800 patents, it does nothing to show knowledge of the '238 patent.

Finally, SawStop faults Felder KG for "not deny[ing] in its Motion or the Lux Declaration that Felder knew about the three Asserted Patents."  SawStop's argument gets things

PAGE 16 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM**

backwards. It is SawStop's burden to plead sufficient factual allegations in its Complaint, not Felder KG's burden to plead lack of knowledge. Moreover, the Lux Declaration did not plead lack of knowledge, because any such allegation would have to be disregarded at the Rule 12(b)(6) stage—where the focus is purely on the factual allegations in the Complaint.

For these reasons, SawStop's induced-infringement claims should be dismissed.

### 3. SawStop's Claims of Willful Infringement Should Be Dismissed Under Rule 12(b)(6)

For the same reasons that SawStop's induced-infringement claims should be dismissed, the SawStop's willful-infringement claims should also be dismissed. Seeking to avoid this result, SawStop claims that the Federal Circuit has approved of willful-infringement pleadings that merely claim that "acts of infringement . . . occurred with full knowledge of [the patent] and have been willful and deliberate." Opp. at 38 (citing *Mitutoyo Corp. v. Cent. Purchasing, LLC*, 499 F.3d 1284, 1290 (Fed. Cir. 2007)). SawStop omits that in *Mitutoyo*, the patentee also pleaded that the defendant had previously filed a declaratory-judgment action in which the defendant sought to invalidate the patent at issue. *Id.* Under those circumstances, sufficient facts had been pleaded to plausibly demonstrate the defendant's knowledge of the patents. Here, in sharp contrast, SawStop makes no such allegations. Additionally, *Mitutoyo* pre-dates the Supreme Court's decision in *Iqbal*, which made clear that the pleading standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) applies to all cases—not just to antitrust cases. *Iqbal*, 556 U.S. at 684 (clarifying that the standard announced in *Twombly* applies to all cases that are subject to the Rule 8 pleading standard). It is not clear that the allegations in *Mitutoyo* would survive the Supreme Court's decision in *Iqbal*. Regardless, *Mitutoyo* involved a complaint for willful infringement that plausibly demonstrated the accused infringer's detailed knowledge of the patent-in-suit. Indeed, when an accused infringer initiates a declaratory-

PAGE 17 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM**

judgment suit, "the accused infringer has presumably already studied the patents versus the accused products and, indeed, has sufficiently studied them to assert under Rule 11 that the accused product does not infringe the specified patents." *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 646 (N.D. Cal. 2022) (distinguishing the facts of *Mitutoyo* from conclusory allegations of willful infringement). No such allegations are present here. This Court should follow *Sonos* and hold that because there has been no notice letter sent to Felder KG, no prior patent lawsuit between SawStop and Felder KG, no licensor-licensee relationship, and no other factors to suggest that Felder KG had the requisite knowledge or state of mind, SawStop's claims of willful infringement should be dismissed.

SawStop suggests that it is sufficient to allege that Felder KG knew of the patents, and then to conclude that any infringement was done "in conscious disregard of SawStop Holding's rights." Opp. at 38. But as explained above, SawStop at most has alleged (albeit insufficiently) knowledge of two of the three Asserted Patents. None of the allegations remotely suggest that Felder KG had any knowledge that it was infringing the Asserted Patents. As with its induced-infringement claims, SawStop's willful-infringement allegations constitute allegations regarding "notice of the actual patents, not of infringement[.]" *Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*, No. 20-cv-06469-EMC, 2022 WL 1426951, at *4 (N.D. Cal. May 5, 2022) (dismissing claim of willful infringement).

Additionally, SawStop's suggestion that the willful-infringement claims should proceed to discovery even if they were not properly pleaded (Opp. at 38) is untenable. When a plaintiff's "complaint is deficient under Rule 8, [it] is not entitled to discovery, cabined or otherwise." *Iqbal*, 556 U.S. at 686. Because SawStop has pleaded no plausible allegations to support a willful-infringement claim, those claims should be dismissed under Rule 12(b)(6).

PAGE 18 – **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM**

4.    **SawStop's Failure to Plead Compliance with the Marking Statute Warrants Dismissal of Pre-Suit Damages Under Rule 12(b)(6)**

SawStop does not deny that it makes no specific claim of compliance with the marking statute, 35 U.S.C. § 287(a). Rather, SawStop contends that it is sufficient to plead that "the infringements have been willful and with full knowledge of the patents." Opp. at 39 (citing *Sentry Prot. Prod., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005)). SawStop's reliance on *Sentry* is misplaced.

*Sentry* is a 2005 case from the Federal Circuit, before the Supreme Courts 2007 and 2009 decisions in *Twombly* and *Iqbal*, respectively. Moreover, at the time of the *Sentry* decision, the Federal Rules of Civil Procedure contained "forms" that set forth the pleading requirements for various types of civil actions. Notably, the form for a patent-infringement complaint merely required: "1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages)." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007). Under Federal Rule of Civil Procedure 84, use of a form effectively immunize[d] a claimant from attack regarding the sufficiency of the pleading." *K-Tech Commc'ns, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013). But in 2015, Rule 84 and the forms were abrogated, and all patent actions commenced after that abrogation are subject to the *Iqbal/Twombly* pleading standard. *Big Baboon, Inc. v. SAP Am., Inc.*, No.17-cv-02082-HSG, 2018 WL 1400443, at *2 (N.D. Cal. Mar. 20, 2018) (citing *Lyda v. CBS Corp.*, 838 F.3d 1331, 1337 n.2 (Fed. Cir. 2016)). For that reason, courts

/ / /

/ / /

PAGE 19 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM**

now require marking to be pleaded in accordance with the standards announced in *Iqbal* and *Twombly*, and with the level of detail explained in *Bot M8*. *See, e.g., Shenzhen Hengzechen Tech. Co. v. The Individuals*, No. 23-23380-Civ-Scola, 2024 WL 475269, at *2-3 (S.D. Fla. Feb. 7, 2024) (recognizing that the *Iqbal*/*Twombly* and *Bot M8* standards apply to allegations of patent marking, and dismissing claims of past infringement where the pleading did not allege compliance with the requirement); *BelAir Electronics, Inc. v. Twelve South, LLC*, No. 2:22-cv-04443-BHH, 2023 WL 6388810, at *5-8 (D.S.C. Sept. 29, 2023) (dismissing claim for pre-suit damages where the patentee did not adequately allege compliance with the marking statute, and collecting cases similarly dismissing such claims); *DivX, LLC v. Hulu, LLC*, No. LACV 21-1615 PSG (DFM), 2021 WL 4459368, at *4-5 (C.D. Cal. June 11, 2021) (dismissing claims for past infringement of apparatus patent claims where the patentee did not sufficiently allege compliance with the marking statute); *see also Arctic Cat, Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017).

Under the *Iqbal*/*Twombly* pleading standard, SawStop does not seriously contend that it has adequately pleaded compliance with the marking statute. Nor does SawStop dispute that if it cannot plead such compliance, then Count II of the Complaint should be dismissed in its entirety, since the '712 patent expired before the Complaint was filed. *See* Mot. at 26-27. Accordingly, because SawStop does not plead compliance with the marking statute, Counts I and III of the Complaint should be dismissed to the extent that they seek pre-suit damages, and Count II should be dismissed in its entirety.

/ / /

/ / /

/ / /

PAGE 20 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM**

**5.      This Court Should Not Give Leave to Amend**

SawStop makes no attempt to amend, and makes no suggestion of how it would amend

its allegations.  Felder KG pointed out SawStop's many pleading deficiencies on June 12, 2024,

when it filed its Motion.  Having been put on notice of these deficiencies, SawStop had an

opportunity to amend its Complaint as of right.  Fed. R. Civ. P. 15(a)(1)(B) (permitting a

plaintiff to amend its complaint once as a matter of right, within 21 days of being served with a

motion to dismiss).  For reasons unknown, SawStop elected not to avail itself of this opportunity.

Under the circumstances, dismissal should be granted, without leave to amend.  *See Miller v.*

*Amazon.com Inc.*, No. 17-cv-03488-MCC, 2018 WL 6421868, at *8 (N.D. Cal. Dec. 6, 2018)

(dismissing without leave to amend where the plaintiff, "in her opposition, request[ed] leave to

amend in the event the claim [was] dismissed," but "fail[ed] to identify any additional facts she

could plead in support of her claim or otherwise indicate the nature of any proposed

amendment."); *see also Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013)

(affirming dismissal without leave to amend where the plaintiff did not present the District Court

with the additional facts that it would include in an amended complaint, and explaining that "[a]

plaintiff may not in substance say 'trust me,' and thereby gain a license for further amendment

when prior opportunity to amend had been given.").

**III.    CONCLUSION**

For at least the reasons explained above and for the reasons explained in its Motion to

Dismiss, Felder KG respectfully requests that the Court dismiss SawStop's Complaint for

/ / /

/ / /

PAGE 21 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR**
**INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL**
**JURISDICTION, AND FAILURE TO STATE A CLAIM**

insufficient service of process and lack of personal jurisdiction, or, in the alternative, for failure to state a claim.  Dismissal should be granted without leave to amend.

Dated: July 10, 2024                    Respectfully submitted,

**TONKON TORP LLP**

By *s/ Stephanie Grant*_____
    Steven M. Wilker, OSB No. 911882
      Direct Dial: (503) 802-2040
      E-mail:  steven.wilker@tonkon.com
    Stephanie Grant, OSB No. 154957
      Direct Dial: (503) 802-5736
      E-mail:  stephanie.grant@tonkon.com

**HAUG PARTNERS LLP**
    Georg Reitboeck, *pro hac vice*
      Direct Dial: (212) 863-2068
      E-mail:  greitboeck@haugpartners.com
    Jonathan A. Herstoff, *pro hac vice*
      Direct Dial: (212) 863-2643
      E-mail:  jherstoff@haugpartners.com
    Sheila Mortazavi , *pro hac vice*
      Direct Dial: (212) 863-2142
      E-mail:  smortazavi@haugpartners.com

    Attorneys for Defendant Felder KG